32  391
55  234

GEORGE J. VOLLAND v. JOSEPH BAKER.

[FILED JULY 1, 1891.]

1. **Appeal:** COUNTY TO DISTRICT COURT: AMENDMENT. In an appeal from the county court to the district court there may be claimed, by an amended petition, an amount of damages equal to that which could have been recovered in the county court. (18 Neb., 638.)

2. **Sale:** DEFAULT IN PAYMENT: BREACH OF WARRANTY. The vendee of a chattel purchased by a negotiable note, transferred to third party, may recover on vendor's warranty, though the

note has gone to judgment at law and not paid. (11 N. W. Rep., 88; 13 Id., 156.)

3. The instructions given and refused examined, and *held*, properly given and refused.

4. Evidence examined, and *held*, to support the verdict.

ERROR to the district court for Webster county. Tried below before GASLIN, J.

*Dilworth, Smith & Dilworth,* for plaintiff in error:

A cause must be tried in the district court on the same issues as in the lower court, and a motion to strike from the pleadings such matters as were not raised below is proper. (*O'Leary v. Iskey,* 12 Neb., 137; *Courtnay v. Price,* Id., 188; *Fuller v. Schroeder,* 20 Id., 636; *Sells v. Haggard,* 21 Id., 360.) Plaintiff was not damaged because he had paid nothing and was insolvent; hence, he could not recover. (*Aultman v. Jett,* 42 Wis., 488; *Aultman v. Hetherington,* Id., 622; *Marsh Harv. Co. v. Sturm,* 13 Neb., 210; 1 Sutherland, Damages, 293, 370; Field, Damages, 274, 278, 283, 288, 289.)

*J. N. Rickards, contra,* cited, in reply to the first contention of plaintiff in error: *U. P. R. Co. v. Ogilvy,* 18 Neb., 638; *Sch. Dist. v. McIntie,* 14 Id., 50; *Waters v. Reuber,* 16 Id., 101. In reply to the second contention: *Long v. Clapp,* 15 Neb., 420; *Dunbar v. Briggs,* 13 Id., 335; *Thoreson v. Harv. Works,* 13 N. W. Rep. [Minn.], 156; *Frohreich v. Gammon,* 11 Id. [Minn.], 88.

COBB, CH. J.

This action was originally brought September 10, 1886, in the county court of said county, by Joseph Baker against George J. Volland, claiming that on March 22, 1884, he purchased a team of horses of the defendant for $350, which defendant warranted to be sound and free

from disease; that he thoroughly relied on said warranty and believed the same to be true, and alleged that said representation and warranty were false and untrue in that one of said horses had a disease akin to glanders, commonly called button farcy, and was of no value, and to the damage of the plaintiff to the amount of $175; that on account of the disease of said horse it was communicated to another horse of his, without any neglect or fault of his, and the same was damaged to the sum of $100; that he lay out of the use of said horses, and incurred necessary expenses in attempting to doctor and cure the same, in the sum of $100, and that he has incurred damages in all to the sum of $375; that he gave said Volland his note for the sum of $350, payable March 1, 1885, and that before the maturity of said note the said G. Volland sold the same to Benj. F. Smith, and that said Smith recovered a judgment in the county court of Webster county for the sum of $437.50, and $11.50 costs, and that said judgment is in full force and effect.

The case being appealed to the district court, the defendant in error filed his petition setting forth the same state of facts, but claiming $200 damages by reason of the disease being communicated to other horses, and claimed $100 damages for expenses in doctoring said horses.

In the district court the plaintiff in error filed a motion to strike out of the petition in the second cause the sum of $100, for the reason the same was not claimed in the county court, and also to strike out the fourth item of damages, for the reason that the same was not claimed in the county court; which motion was overruled.

The plaintiff in error also filed an answer, admitting that the defendant in error purchased the horses for the sum of $350, but denied that the horses were warranted in any manner, and further alleged that the note given for the horses was transferred to B. F. Smith, and that said B. F. Smith recovered a judgment in the county court of Web-

ster county for the sum of $437.50 and $11.50 costs, and that an execution was issued on said judgment and returned no goods, and that said judgment remains in full force and wholly unpaid, and that defendant in error had never paid anything on the said note or the judgment; and that said defendant in error, Baker, and the party signing said note as surety, were insolvent, and nothing could be collected from them.

The case was tried to a jury, who returned a verdict for the defendant in error and against the plaintiff in error for the sum of $275, with interest at seven per cent from March 24, 1885; total principal and interest, $345.58.

The motion for a new trial was overruled and the cause brought to this court on the following errors:

First—That the district court erred in refusing to strike out the fourth item of damage in the plaintiff's petition, for the reason that no such claim was tried in the county court.

Second—That the court erred in refusing to give instruction No. 1, asked for by the plaintiff.

Third—That the court erred in giving instructions Nos. 1, 2, 3, 4, and 5.

The first error assigned is overruled, for the reason that it has been held and is a settled rule that "where an action is brought in the county court and appealed, an amended petition in the district court may claim an amount of damages equal to that of the jurisdiction of the county court." (*U. P. R. R. Co. v. Ogilvy,* 18 Neb., 638.)

The amendment embracing the fourth item of damages, is an extension of the original claim merely, and within the jurisdiction of the county court. It could have been made there, and was competent to be made on appeal.

The second error is that of the refusal of the court to instruct the jury that "the plaintiff could not recover unless they found that he had paid the value of the horse, or the agreed price thereof."

The promissory note of the plaintiff having gone to a second holder, and having gone into judgment at law, it is not clear that the court should have enforced this rule. In a case cited as a precedent, that of *Aultman v. Jett*, 42 Wis., 488, there is a clear intimation that if the notes had been sold the vendee could have recovered. Cole, J., in the opinion, said : " There is, however, no evidence that the notes have been transferred, and, in the absence of all proof upon the point, the presumption is that they are still held by the plaintiff. If the notes still belong to the plaintiff they cannot be treated as payment of the contract price, unless it was so agreed at the time." This rule has been adopted in the courts of Wisconsin and was adherred to; but Ryan, C. J., took occasion to say " that if the question of payment were a new one in this court, he could not concur in the rule; and that his opinion was that when one contracts a debt and presently gives his note or other obligation for the amount, it ought to be considered a payment unless there be express agreement to the contrary."

In the case of *Sycamore Marsh Harvester Co. v. Sturm* 13 Neb., 210, cited as precedent, the reason the recovery must be limited to the amount paid is that the warranty was in writing, and by its terms the vendee's damages were limited to the amount paid on the contract of sale.

In the action of *Dunbar v. Briggs*, 13 Neb., 332, suit was brought in the district court of Gage county on the defendant's promissory note for $900, in payment for thirty-nine head of Texas horses, diseased, which infected other horses, and on which note there was a recovery in full. This judgment was reversed on error. The damages were not limited by contract, but the warranty of soundness was questioned, and testimony on that point improperly over-ruled.

In the case of *Long v. Clapp et al.*, 15 Neb., 417, it was laid down that " In addition to the general measure of damages, the law in some cases imposes upon a

party injured by another's breach of contract or tort, the active duty of making reasonable exertions to render the injury as light as possible. Where this duty has been found to exist, the labor and expense involved in the performance are chargeable to the party liable for the injury thus mitigated." This rule seems to be directly opposite to the recovery by the defendant in error on the veterinary surgeon's account for services. Beyond this there can be no contention as to the measure of damages, in the court below, if the jury were not misled as to the price of the diseased horse and the value of the colt lost from infection. The testimony does not indicate that they were so misled.

As to the general principle that the buyer of a horse, or the purchaser of a patented machine, both warranted, has right of action under the warranty, and a counter-claim for breach of warranty, whether the purchase was by cash or promise, or whether the vendee be solvent or insolvent, can hardly be questioned in this state. The assumption that an execution having been returned against a judgment debtor unsatisfied for want of goods or chattels is not Q. E. D. that he would remain insolvent and never pay his creditors. For, by industry and good luck, he may become solvent and discharge his pecuniary obligations. That fact, of itself, was to be considered by the vendor preceding this transaction.

Nor is the proposition in this case confined to the judicial practice of this state. In *Thoreson v. Minneapolis Harvester Co.*, 13 N. W. Rep. [Minn.], 156, it was held, "In an action to recover damages for a breach of warranty in the sale of a chattel a recovery may be had, although the vendee had not paid the purchase price, but had given his promissory notes therefor, which are still unpaid."

Prior to this decision the supreme court of Minnesota had held in the case of *Frohreich v. Gammon et al.*, 11 N. W. Rep [Minn.], 88, that " the fact that the buyer of a war-

ranted article gives his note for it, which has not been paid when he brings his action upon the warranty, does not affect the extent of his damage. Neither is the sum which the buyer is entitled to recover for breach of warranty limited by the price which he paid or agreed to pay for the article."

From a careful reading of the evidence, and from the fair and impartial instructions of the court, we are not able to find reversible errors in the trial in the court below.

The judgment of the district court is

AFFIRMED.

THE other judges concur.