## HARTWIG CARSTENS v. W. G. McDONALD.

### FILED JANUARY 16, 1894. No. 5474.

1. **Breach of Contract:** CHECK AS EVIDENCE. Defendant contracted to sell and deliver to plaintiff in a reasonable time a quantity of corn, $50 of the purchase price being paid at the time by the check of the purchaser. A memorandum of the transaction between the parties, stating the number of bushels and price per bushel, was made by plaintiff at the time, on the face of the check, in the presence of the defendant. In an action against the seller for a breach of the contract, it was *held* that the check was competent evidence.

2. **Action for Damages for Breach of Contract:** WHEN ACCRUES. A mere declaration by a party to a contract, before performance is due, that he does not intend to comply with the terms of his agreement, will not constitute a breach so as to authorize the other party to maintain an action for damages before the time fixed for performance has elapsed.

3. **Instructions:** HARMLESS ERROR: REVIEW. The giving of an erroneous instruction, where it does not have the tendency to confuse and mislead the jury, is not sufficient cause for reversing the judgment.

4. ——: ——: ——. Where a jury has been fully instructed on a given point, it is wholly unnecessary to give another instruction covering the subject, and to do so may be sufficient cause for reversal; but it will not have that effect where it is clear that the jury were not thereby misled.

ERROR from the district court of Pierce county. Tried below before POWERS, J.

*J. B. Smith,* for plaintiff in error.

*Douglas Cones, contra.*

NORVAL, C. J.

This action was brought in the court below by W. G. McDonald against Hartwig Carstens, to recover damages for an alleged breach of an executory contract for the sale

of corn. There was a verdict and judgment in plaintiff's favor for $6.25, and defendant prosecutes error to this court.

Defendant in error is in the stock business in Pierce county, and plaintiff in error is engaged in farming in said county. The proof shows that on the 7th day of November, 1890, McDonald went to Carstens' farm for the purpose of buying the latter's crop of corn, and, after some negotiations between the parties upon the subject, Carstens finally agreed to sell, and deliver in a reasonable time a quantity of corn at the agreed price of thirty-five cents per bushel. Fifty dollars of the purchase price was paid at the time by McDonald giving his check on the bank for that sum, and the purchaser agreed to pay the balance upon the delivery of the corn. One hundred and forty-one bushels and a half of corn, and no more, were delivered upon the contract early in December, 1890. Carstens informed defendant he would deliver enough more to make 600 bushels, to which McDonald replied that he would not receive the same, unless he would deliver 1,000 bushels. The dispute on the trial was as to the quantity of corn sold. Plaintiff below claims that he purchased 1,000 bushels, while Carstens insists that no definite number of bushels was mentioned at the time the contract was made, but that the agreement covered merely his yellow corn,—that which had been gathered and piled on the ground, as well as the portion then in the field ungathered. The total amount of the yellow corn was afterwards ascertained to be about 600 bushels.

The first assignment in the petition in error is based upon the admission in evidence of the check above mentioned, of which the following is a copy:

"PIERCE, NEB., Nov. 7, 1890.    No. ——.

"The Farmers & Merchants State Bank, pay to Hartwig Carstens, or order, ($50) fifty dollars.

"35c. per bushel for 1,000 bus. corn.

"W. G. McDONALD."

The ground of objection to the introduction of the instrument, as stated in the record, is "that it is admitted by the defendant, Mr. Carstens, that he received the $50 as part payment, and that is all this check can be used for." Had this check been offered for the purpose of proving payment, the error in the introduction thereof, if any, would have been without prejudice, since the payment of the $50 is admitted by the defendant's answer; but the writing was not put in evidence for such purpose, but to corroborate the testimony of the plaintiff below as to the quantity of corn purchased. It will be noticed that on the face of the check appear the words "35c. per bushel for 1,000 bus. corn." They were made by the drawer of the check. True, there is a dispute in the testimony as to the precise time they were written, but according to the testimony of plaintiff in error, which is not contradicted by any other witness, they were, at least, on the instrument when plaintiff received the money thereon from the bank, and he knew they were there at that time. According to the testimony of defendant in error, they were written by himself in the presence of Mr. Carstens at the time the contract was entered into, and prior to the delivery of the check, as a memorandum of the agreement. We think it competent evidence of the transaction as against plaintiff in error.

Another ground urged for a reversal is that the verdict is not sustained by sufficient evidence. There is a sharp conflict in the testimony relating to the number of bushels of corn sold. As to the other matter there is little dispute. We do not think the weight of the evidence is so clear and decided against the contention of the plaintiff below as to call for a reversal of the judgment. If the agreement was that Carstens should deliver 1,000 bushels of corn, as there is abundant evidence in the record to show, and which the jury found to be true, then the contract was broken by plaintiff in error.

Carstens v. McDonald.

The court charged the jury, in the seventh paragraph of the instructions given on its own motion, that "a breach of a contract occurs when one of the parties to it refuses and declines to carry out its terms, and the other party to such contract may then treat it as broken; and in this case, if the defendant, after making the contract, and before the time of furnishing all of the corn expired, refused to deliver more, or placed himself in a condition that he could not perform the contract, the plaintiff was then justified in treating the contract as broken by the defendant, and proceeding to enforce a recovery of its breach." As a legal proposition, the foregoing is inaccurate. A mere declaration by a party to a contract that he does not intend to carry out the terms thereof before performance is due, will not constitute a breach, so as to authorize the other to at once maintain an action; for the party, at any time before the period fixed for performance, has the right to recant and comply with his agreement; but if he fails to withdraw his declaration before the time comes for performance, it will excuse the default of the other party. (*Daniels v. Newton*, 114 Mass., 530.) Plaintiff in error could not have been prejudiced by the giving of the instruction complained of, inasmuch as the suit was not instituted until after the time for performance had elapsed, and there is no claim that plaintiff in error ever offered to comply with the agreement set up in the petition. On the contrary, the defendant below, both in his answer and in his evidence, denies the making of said contract, and he contested the cause in the court below through the entire trial, upon that theory. The jury therefore could not have been misled by the charge. The giving of an erroneous instruction, when it does not have the tendency to confuse and mislead the jury, is not sufficient reason for vacating the judgment and granting a new trial.

Exception is taken to instruction No. 10, which reads as follows: "If you find for the plaintiff, you will then de-

termine the damage he has sustained, which will be the difference between the agreed price of corn and its market price at the time it should have been delivered under the contract for the number of bushels offered, viz., 600, and render your verdict accordingly." The objection urged against the instruction is that, as the substance of it had already been given in the fifth paragraph of the charge, undue prominence was thereby called to the subject. It is useless to give an instruction where the substance of it has once been given, and to do so may be sufficient ground for reversal; but it will not have that effect where it appears that the jury were not thereby misled or confused. (*Seabrock v. Fedawa*, 30 Neb., 424.) In the case at bar plaintiff in error has no just cause to complain of the amount of damages. In no view of the testimony would the jury have been warranted in returning a verdict for the plaintiff below for a smaller sum.

The defendant requested the court to charge the jury not to take into consideration the memorandum on the check, which request was refused. What has been said by us on the introduction of the check disposes of the request to charge. There is no reversible error in the record, and the judgment is

AFFIRMED.