PEOPLE'S NATIONAL BANK OF ROCK ISLAND V. STEPHEN
L. GEISTHARDT.

FILED MAY 19, 1898.     No. 7973.

1. **Appeal from County Court**: PLEADING IN DISTRICT COURT. In a case appealed from the county to the district court, the plaintiff may allege damages in a greater sum than was claimed in the county court, provided the amount alleged in the district court be within the jurisdictional limit of the county court.

2. **Pleading**: STRIKING SPECIAL DENIALS FROM ANSWER. An answer included a general denial and also admissions accompanied by special denials. *Held*, That the defendant was not prejudiced by an order striking out all except the general denial.

3. ———: INCONSISTENT AVERMENTS. A petition pleaded a contract made through an agent of defendant and also that the defendant had adopted and ratified it. *Held*, That the averments were not inconsistent. The test of inconsistency is that the proof of one averment disproves the other.

4. **Principal and Agent**: RATIFICATION: RELATION. The acceptance by the principal, with knowledge of the facts, of the fruits of an unauthorized act of an agent is a ratification of such act. It relates back to the time of performance and binds the principal as if he himself had been the actor.

5. **Rendition of Bill**: ACTION FOR LARGER AMOUNT: ESTOPPEL. The rendition of a bill for services does not estop the person rendering it from claiming and recovering a larger amount in a subsequent action on à *quantum meruit*, when the other party did not accept or acquiesce in the bill, but refused at once to recognize it as correct.

6. **Attorney and Client**: PROFESSIONAL SERVICES: FEES. Advising with the sheriff as to the proper levying of a writ of attachment is a proper service to a client for which an attorney is entitled to compensation.

7. **Letters**: PROOF OF GENUINENESS. The genuineness of a letter is sufficiently established to permit its introduction in evidence when it is shown that it was received in due and regular course of mail in response to a letter addressed to the supposed writer.

8. **Argument to Jury**: PURPOSE OF COUNSEL: PRESUMPTION. A comment made by counsel in argument to the jury, with reference to a matter in evidence, will be presumed to have been made for a proper purpose and within the limits of legitimate argument, the contrary not appearing.

ERROR from the district court of Lancaster county. Tried below before HALL, J.   *Affirmed.*

*Pound & Burr* and *Burr & Burr*, for plaintiff in error.

*T. C. Munger* and *Stephen L. Geisthardt, contra.*

IRVINE, C.

This was an action by Geisthardt, a practicing lawyer, against the People's National Bank of Rock Island, Illinois, to recover fees for services alleged to have been by him performed in and concerning the commencement of an action aided by attachment, by the bank against C. W. Mosher, to recover on two promissory notes of $5,000 each.   There was also a count for money expended by Geisthardt in payment of costs, but as there is no contest as to this count it will not be further noticed. The plaintiff had judgment for $594.85, and the defendant brings the case here.

Several questions are raised with regard to the pleadings.   The petition alleged that January 23, 1893, the defendant by its agent, Charles G. Hawley, employed the plaintiff in the matter of collecting the notes, and in the prosecution of all proper suits for that purpose; that plaintiff performed all necessary and proper services to that end until January 30, and began the attachment suit, "all of which proceedings were adopted and ratified by the defendant."   The defendant moved the court to strike the petition from the files because it did not conform to the petition in the county court, where it seems that the case originated.   It is asserted that the court erred in overruling this motion.   This we cannot determine, because the petition in the county court is not in the transcript.   It would seem that the variance complained of was in claiming a larger sum for services than was claimed in the county court.   If that was all, the variance was not material, the amount claimed in the district court being within the jurisdiction of the

county court. (*Union P. R. Co. v. Ogilvy*, 18 Neb. 638; *Volland v. Baker*, 32 Neb. 391.)

The defendant then filed an answer beginning with a general denial, and proceeding to allege that Hawley had no authority to employ plaintiff; that without authority he had employed him to draw a petition and affidavits for attachment and garnishment, and file the same; that such services were worth $25 and no more; that an agent of defendant came to Lincoln and, on learning that plaintiff had been employed, discharged him and offered to pay him what his services were worth. It was then averred that the case had begun in the county court and that the petition stated a different cause of action. The plaintiff moved to strike out all the answer except the general denial, and this motion was sustained. For reasons already stated we cannot say that it was error to strike out that part pleading a variance between the averments in the two courts. Striking out the other averments did not prejudice the defendant. All the evidence which could be received thereunder was admissible under the general denial. The only effect of the new matter was to admit that plaintiff had been employed by Hawley and that defendant had offered to pay him for what he had done prior to his discharge, which is all that plaintiff asks. While defendant undertook to plead an offer to pay what the services were worth, neither payment nor an actual tender was pleaded.

The defendant then moved that the plaintiff be required to elect on which of his several causes of action he would proceed. This motion did not attack the joining of the two counts for services and for money paid, but was based on the theory that the averments of employment by an agent and of ratification were of two causes of action and were inconsistent. That theory is not sound. The plaintiff might well have pleaded employment by the defendant itself, and under that averment proved either employment by an authorized agent

or a ratification of voluntary acts. By pleading more specifically he narrowed the field of his own evidence, but did not state two causes of action, nor did he plead inconsistently. A contract may be made with an authorized agent, and the principal may so conduct himself thereafter that his acts would amount to a ratification even had the agent been without authority. The proof of one state of facts would not disprove the other. That is the test of consistency. (*Blodgett v. McMurtry*, 39 Neb. 210.) The case then came on for trial. The evidence tended to show that Hawley was a broker and had negotiated three notes made by C. W. Mosher. Two of these for $5,000 each were sold to the defendant, the other, for $10,000, to the Dixon National Bank. Mosher was president of the Capital National Bank of Lincoln and the notes were secured only by a pledge of stock of that bank. Before the notes matured, and January 23, 1893, the Capital National Bank failed. Hawley that day notified his two customers and some correspondence by wire and by mail ensued. Hawley retained plaintiff to act on behalf of both banks. Two days thereafter, it then appearing that the bank and Mosher were insolvent, suits in attachment were begun by plaintiff, and lands and stocks in solvent corporations, owned or supposed to be owned by Mosher, were seized. January 28 Hass, the vice-president of defendant bank, came to Lincoln, discharged plaintiff, and retained other counsel. It is undisputed that the attachments were resisted, but finally sustained, and that the case was prosecuted to judgment by the defendant.

Many assignments of error relate to rulings on the admission of evidence and to the instructions. Most of these relate to evidence and instructions bearing only on the authority of Hawley. These need not be considered, because by uncontradicted evidence it was shown that, whatever might have been the limitations on Hawley's authority, the bank did not repudiate his acts, but, on the contrary, continued the proceedings begun by

plaintiff, pursued the remedy he had instituted, and accepted all the benefits to be derived from his conduct. This amounted to an adoption and ratification, and the court so properly instructed the jury. (*Swartz v. Duncan*, 38 Neb. 782; *Hughes v. Insurance Co. of North America*, 40 Neb. 626; *Johnston v. Milwaukee & Wyoming Investment Co.*, 49 Neb. 68.) The plaintiff was therefore entitled to a peremptory instruction to find in his favor, and the only question for the jury was the amount of recovery. Hawley's authority became therefore an immaterial issue.

It seems that plaintiff had alleged in the county court that his services were worth only $250, and that soon after he was discharged he had rendered a bill to the defendant stating his services at that sum. These facts are the basis for several assignments of error. The defendant in cross-examining plaintiff asked many questions on this subject, all of which were excluded. They were not within the proper limits of a cross-examination, because the plaintiff had not testified to the value of his services, but only to the fact of their rendition. The defendant requested an instruction to the effect that recovery could not be had beyond the amount of the bill rendered, in the absence of evidence of mistake or accidental omission therefrom. This instruction was properly refused. The defendant did not consent to the charge made and did not even acquiesce therein. It promptly repudiated the bill. It takes two parties to state an account. The mere rendition of a bill does not constitute such a statement, unless indeed the other party by silence impliedly accepts it as correct. All the cases cited* by defendant upon this point are cases of accounts stated. If defendant desired to estop plaintiff from claiming more, or from proving that his services were worth more than he first demanded, it should have made the estoppel mutual by accepting the bill as

*Perkins v. Hart*, 11 Wheat. [U. S.] 237; *Keller v. Keller*, 18 Neb. 367; *McKinster v. Hitchcock*, 19 Neb. 103; *Kennedy v. Goodman*, 14 Neb. 585.

correct. The only effect of such proof was that of an admission.

In this connection it is claimed that the damages were excessive. What has just been said covers the most of the argument on this subject. The verdict was well within the limits of the evidence.

· The usual objection was interposed to the hypothetical question put to the experts called to prove the value of the services. It is asserted that it assumed facts not established, and incorporated immaterial facts. One element of the question complained of was its including the statement that Mosher and the Capital National Bank were insolvent and that the stock of the bank was worthless. It is said that these facts bore no relation to the plaintiff's services. The collection of notes made by a solvent man and secured by stock of a solvent bank is generally an easy matter, involving no great professional skill and but little responsibility. When, however, the maker is insolvent, the bank has failed, its stock has become worthless, and the notes are not yet due, the problem, both from a professional and from a practical standpoint, becomes more intricate. Another element of the question was that the plaintiff had made efforts to obtain security. It is said that there is no such evidence. It is true there is not much, but there is some evidence, and we do not think that the question was objectionable on that ground. Finally, objection is made because the question assumed that the attorney had advised with the sheriff prior to the levy. It is said that it is the sheriff's duty to find the debtor's property and to levy thereon, and that an attorney cannot charge his client for assisting the sheriff in so doing. Sheriffs unfortunately are not omniscient, and unless one wants a writ returned *nulla bona* it is generally necessary to point out property, and especially in attachment cases to direct the levy. By directing a wrongful levy the attorney may render both himself and his client liable to a stranger. To rightly supervise such a proceeding is not

only a legitimate service to a client but usually a very responsible duty.

The record of the judgment in the attachment case was received in evidence, as were also certain pleadings in other cases in which defendant became involved. It is contended that these records were irrelevant. The judgment was material for the purpose of showing that defendant had prosecuted the case begun by plaintiff and thereby ratified his acts. Some of the other pleadings were offered by defendant itself, and those which plaintiff offered were proper to explain and rebut inferences deducible from those which defendant had offered. They were even proper in chief for the same purpose as the judgment.

During the argument to the jury plaintiff's counsel used this language: "Talk about this defendant. Its letter-head shows that it has a capital of $100,000 and a surplus of $60,000." At least one of the letters bearing the heading was properly in evidence. While handwriting had not been proved it was shown that the letter had been received by Hawley in due course of mail in response to communications from Hawley to the defendant. This rendered it competent. (*Gartrell v. Stafford*, 12 Neb. 545.) Such a foundation is even sufficient to permit evidence as to genuineness of handwriting. (*Violet v. Rose*, 39 Neb. 660.) It was relevant to the issues concerning Hawley's authority. No objection was made to the printed caption as distinguished from the body of the letter. Counsel therefore did not go outside the record in making the comment. The record is entirely silent as to the connection in which the language was used, and it must be presumed that it was used in the line of legitimate argument.

AFFIRMED.