PLANO MANUFACTURING COMPANY v. JOHN NORDSTROM.

FILED DECEMBER 4, 1901.   No. 10,646.

Commissioner's opinion, Department No. 1.

1. **Special Appearance:** GENERAL APPEARANCE. A general appearance in justice court without further objection, after the overruling of a special appearance and motion to quash service of summons on its agent, by a foreign corporation, confers jurisdiction on the justice to render judgment against it, and also on the district court on appeal.

2. **Appeal:** AMOUNT OF DAMAGES: INCREASE: JURISDICTION. On appeal, the amount of damages claimed on the same causes of action may be increased, if not beyond the jurisdiction of the lower court.

3. **Principal and Agent:** APPARENT AUTHORITY. Principal is bound by the acts of an agent within the limit of his apparent authority, if the other party has no reason to question his authority.

4. ———: FRUITS OF CONTRACT. Principal can not retain the fruits of an agent's contract and repudiate the agreement itself.

ERROR from the district court for Saunders county. Tried below before SEDGWICK, J. *Affirmed.*

*George W. Cooper* and *V. L. Hawthorne,* for plaintiff in error.

*Samuel H. Sornborger* and *George W. Simpson, contra.*

HASTINGS, C.

The petition in error in this case embraces thirty assignments. The errors complained of and argued in the brief of plaintiff in error, defendant below, are not so numerous. · They are: First, lack of jurisdiction of the person of the defendant on the ground that it does not appear that

the defendant company was doing business in the state; second, that the issues were changed, because on the appeal the plaintiff was permitted to allege and show the payment of the second of the two notes, which it was claimed should have been given up to him, whereas before the justice he had claimed compensation for the payment of only the first of them; and, third, error of the court in giving instructions Nos. 4 and 7, both relating to the actions of one McNear, who was claimed by the plain-tiff to have been the agent for the defendant company. It is claimed that there was no evidence either of authority on the part of McNear to make the contract sued upon, or of ratification by the company. If this is true, the two instructions are undoubtedly erroneous. It therefore becomes necessary to examine these three grounds of error, and none of the others need be considered.

As to the first, the action was begun in justice court by the filing of a bill of particulars setting out that the defendant company is a corporation organized and doing business in the state of Illinois, and plaintiff bought of it in the year 1895 a Plano harvester and binder; that the machine did not do satisfactory work, and in November an agreement in writing was made, as follows:

"WAHOO, NEBR., Nov. 26, 1895.

"This agreement made this 26 day of Nov. between the Plano Mfg. Co. and John Nordstrom: Whereas, Mr. Nordstrom bought in the season of '95 one Plano H. & B. which failed to do good work, said Plano Mfg. Co. agree to, in the season of '96, repair free of charge said machine and make it do good and satisfactory work. In consideration John Nordstrom gives 2 notes $40 each,—one due June 1st '97, $40; 1 due June, '98, $40,—and in case the Plano Mfg. Co. fails to make said machine do good work, said notes shall be refunded, or another machine put in its place. Plano Mfg. Co. by N. D. McNear, agent, E. G. Burklund";

that the machine failed to work satisfactorily and in accordance with the terms of this agreement, and plaintiff

demanded a new machine or a return of his notes, and got neither, but was compelled to pay $49.20 to take up the first one of the notes. Summons was served on McNear, agent for said company, in Saunders county, Nebraska. The defendant appeared specially and filed a motion and affidavit to dismiss for want of jurisdiction. This motion was overruled by the justice, and the defendant then filed an application for a continuance, which was granted. On November 19, the time set, the parties appeared and by mutual agreement the cause was again continued until November 27. On that day a trial was had, resulting in a judgment for plaintiff, from which the defendant company appealed. On the appeal a petition was filed by plaintiff substantially like the bill of particulars, on which defendant moved for judgment on the ground that it showed no cause of action and no jurisdiction. An amended petition was then filed, alleging that the transactions occurred in Saunders county, and alleging damages at the sum of $80 and interest from November 26, 1895, at 10 per cent., by reason of the sale and transfer of the two $40 notes mentioned in the contract and their nonreturn. To this petition the defendant company answered, admitting the sale of the harvester and binder; admitting the giving of the two notes and their sale, and denying every other allegation in the petition. Defendant also alleged that it was a corporation organized and doing business in Illinois; that the action was instituted by filing a bill of particulars in justice court, a copy of which was set out; that a trial was had on that bill of particulars and judgment rendered for $45; that the bill of particulars showed that it was then a foreign corporation and contained no allegation of its doing business in Nebraska, or that it was engaged in any corporate act or acts in this state; that the justice had no jurisdiction, and the district court acquired none by appeal; that the order allowing plaintiff to amend his petition so as to state jurisdictional facts is void, and that the facts in the amended petition constituted no right of action and raised a different issue

from the one on which the cause was tried in the justice court. The plaintiff moved to strike out from the company's answer all that portion relating to the jurisdiction of the action, and also separately that portion relating to the change of the issue. The former was stricken out by the court, but the latter was permitted to remain. Plaintiff replied by a general denial, and the case was tried upon these pleadings, and resulted in a judgment for plaintiff in the sum of $99.37. The defendant contends that there is error in the three respects above stated.

In the careful brief of counsel a number of cases are collected holding that where it appears that action has been brought in any state against a foreign corporation, unless the record discloses some facts giving jurisdiction in that state over the person of the defendant, the proceedings are not valid. Counsel for the plaintiff admits that such is the law, but he says that the general appearance, by an application to continue after the overruling of defendant's special appearance, and the further continuance by agreement a second time, are a general appearance in the action and give the justice complete jurisdiction, and cites section 72 of the Code of Civil Procedure. This ground seems to be well taken. Possibly, after the overruling of his special appearance, counsel for defendant could have answered in the justice court, specially setting up the lack of jurisdiction, and preserved the question by an appeal from the determination upon it, and could quite possibly have done so while at the same time answering to the merits. Nothing of the kind seems to have been done. After the overruling of the special appearance defendant took continuances as suggested and engaged in the trial, and after rendering of judgment against it, took this appeal. The authority of the justice to go on with the case after overruling the objection to his jurisdiction and after the general appearance without further objection, is undoubted. No question remains as to the jurisdiction over defendant's person.

The second claim of error does not seem any better

taken. It is true that in the original bill of particulars the damages arising out of the breach of this contract are alleged at only $49. It is true that in the amended petition in the district court the damages are alleged at $80 and interest. But the change is entirely within the power of amendment on appeal proceedings possessed by the district court. The action is upon the same contract. It merely claimed damages for both notes whose return is provided for in that contract, instead of for one of them. In *Union P. R. Co. v. Ogilvy,* 18 Nebr., 638, it is held that the power of amendment in the appellate court is limited to the highest sum for which judgment could have been rendered below. The judgment in this case is quite within that rule, and by distinct implication that decision permits an amendment which does not depart from the original cause of action, and is within that limit. It is not believed that the trial court committed any error in this respect.

With regard to the third claim of error, it is admitted that McNear and Burklund were handling defendant's goods for the purposes of sale as defendant's agents; that they obtained the notes in exchange for defendant's harvester; that the notes were accepted and had been sold, and it would seem that if the defendant proposes to hold the benefit of the contract made by McNear and Burklund, it must carry out their stipulations under which the notes were procured. The evidence seems amply to have justified the jury in saying that in making this settlement with the plaintiff, Burklund and McNear were acting within their apparent authority. If so, of course, their principal is bound by their acts with reference to one who had no notice of any defect of such authority. *Webster v. Wray,* 17 Nebr., 579; *Lorton v. Russell,* 27 Nebr., 372; *McMurtry v. Brown,* 6 Nebr., 368. The company must have known what McNear and Burklund were doing when it received the notes, and when it sold them it must be held to have accepted their settlement according to its terms.

It is therefore recommended that the judgment of the district court be affirmed.

DAY and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.