RYNARD E. W. SPARGUR ET AL. v. J. H. PRENTISS ET AL.

FILED NOVEMBER 6, 1902.   No. 11,921.

Commissioner's opinion, Department No. 1.

1. **Appeal:** AMENDMENT OF PETITION: PRAYER: JURISDICTION.   Where
   an action for the recovery of money is brought in the county
   court, and taken by appeal to the district court, the petition
   can not be there amended so as to increase the amount
   prayed for beyond the jurisdiction of the county court.

2. **Error:** BILL OF EXCEPTIONS: PRESUMPTION: SUFFICIENT EVIDENCE.
   Error must affirmatively appear, and in the absence of a bill
   of exceptions, the presumption is that the judgment is sus-
   tained by sufficient evidence.

3. ——: ——: ——: ——: RES JUDICATA.   Where an answer
   in an equity suit to modify a judgment pleads former adjudi-
   cation, and the plaintiff puts such plea in issue by a denial,
   in the absence of a bill of exceptions, it will be presumed
   that the action of the trial court in not sustaining the plea
   is supported by sufficient evidence.

ERROR from the district court for Dawes county. Tried
below before WESTOVER, J.   *Affirmed.*

*Allen G. Fisher* and *Halleck F. Rose,* for plaintiffs in
error.

*Montgomery & Hall, contra.*

KIRKPATRICK, C.

This is a suit in equity brought in the district court for
Dawes county by John H. Prentiss and others (who were
at the date of the commencement of the suit a corporation
organized in Chicago, Illinois, under the name of Charles
P. Kellogg & Company) against Rynard E. W. Spargur,
George W. Fisher and Allen G. Fisher, to procure the
cancelation of a judgment theretofore rendered in Dawes
county.   It is disclosed by the petition that in January,
1891, plaintiff in error Spargur was engaged in the mer-
cantile business in Chadron, Dawes county; that at that

time he was indebted to Charles P. Kellogg & Co., in the sum of $335.67. About that time Kellogg & Co., ascertained that Spargur had executed chattel mortgages upon his stock of goods in the sum of $21,000, and thereupon they telegraphed to an attorney located at Chadron to institute suit on their account, which he did in the county court, and procured an order of attachment to be issued, which, however, was never served. The attorney telegraphed to defendants in error to furnish an attachment bond, and they promptly notified him that they would not furnish the bond, and directed him immediately to dismiss his attachment, which he did. Soon thereafter Sparger filed a counter-claim in the county court, claiming damages in the sum of $400 against Charles P. Kellogg & Co. on account of goods sold him, which he claimed were not of the quality and value agreed upon. Trial was had in the county court, which resulted in a judgment being entered in favor of Charles P. Kellogg & Co., and against Spargur in the sum of $166.70; the amount due them having been reduced to that amount on account of the counter-claim of Spargur. From this judgment plaintiffs appealed to the district court, where issues were made up apparently of the same character as those in the county court. About this time the attorney who represented Charles P. Kellogg & Co. in the county court was elected district judge of the district, and was thus disqualified to try the cause. The cause seems to have stood upon the docket and to have been passed from time to time until the March term of 1897, after which it was dropped from the trial and bar docket. In the meantime another judge had been elected to succeed Judge Bartow, who was counsel for defendants in error; and he, as well as other counsel selected by him to look after the interests of defendants in error, had removed from the state. It is further disclosed that at the March term of the district court in 1898, Allen G. Fisher, attorney for Spargur, who in the meantime had also left the state, procured the cause to be again entered upon the docket, and thereafter substituted what were claimed to

be copies of the pleadings, all of which was done by leave of court, but without notice to defendants in error, and apparently at an adjourned sitting of the same term, and on July 20, 1898, on his own testimony, procured to be entered by the district court against the individual members of the firm of Charles P. Kellogg & Co., a judgment in the sum of $8,735.70, and on the same day filed an attorney's lien for the full amount. The items in the answer and counter-claim of Spargur upon which the judgment was procured are as follows: For damages for failure to credit certain amounts, $23.70; overcharge on goods, $800; damages for delay, $500; damages for attachment, $10,-000; total, $11,323.70. It is further disclosed by the petition that after the entry of the judgment in the county court, and before the cause was tried in the district court, William H. Kellogg, a member of the firm, and one of the parties against whom the judgment was rendered, died. This fact was not brought to the attention of the district court, and no proceedings were had to revive the action. As disclosed by the petition, Charles P. Kellogg & Co. had no knowledge of any of these proceedings taken in 1898, nor until June, 1899, when a transcript of the judgment was sent to Chicago, and placed in the hands of attorneys for collection. Defendants in error thereupon instituted this suit in equity by the filing of their petition, making R. E. W. Spargur, George W. Fisher, an assignee of the judgment, and Allen G. Fisher, attorney for Spargur, who had filed the attorney's lien, defendants. An answer was filed by plaintiffs in error, to which for reply was filed by defendants in error a general denial. The cause was tried to the district court, the trial on the 1st day of March, 1900, resulting in findings and a decree reducing the amount of the judgment which had been entered in favor of Spargur and against defendants in error to the sum of $1,000. From this judgment plaintiffs in error Spargur and Fisher bring the cause to this court for review. The bill of exceptions by which the evidence taken in the case and heard by the trial court was preserved has

been suppressed by order of this court, so that the only question involved is whether the judgment conforms to the pleadings, and is sustained by the findings of the trial court. The material findings of the trial court are as follows:

"8. That said judgment rendered by said court was rendered upon a counter-claim filed in said court by said defendant Spargur, and that said counter-claim and judgment was for a greater sum than that filed by him in the county court.

"10. The court finds that the defendant herein, R. E. W. Spargur, and Allen G. Fisher, acted in good faith in procuring said judgment.

"12. The court finds that plaintiffs herein were grossly negligent in the prosecution of their action against Spargur, in the district court, and in abandoning said action therein, and that they are not entitled to any relief in this action except upon the question of jurisdiction.

"13. The court finds that as a matter of law in this case, and from all the evidence and circumstances proved therein, that the district court of Dawes county had jurisdiction in said cause and authority to render judgment therein for the sum of $1,000; and the court further finds that as to the matters and claims in excess of the jurisdiction of said county court the district court had no greater jurisdiction than the county court from which said action was appealed.

"14. The court finds that said judgment should be modified and reduced, so that the amount of said judgment should be for $1,000, instead of a judgment for the sum of $8,735.70.

"16. The court further finds from the evidence that the attention of the district court was not called to the question of jurisdiction at the trial of said cause in said court, and that said question was not passed upon or decided by said court."

This presents for determination the single question whether the trial court erred in its conclusion that the

21

district court had no jurisdiction to enter judgment on the counter-claim of Spargur in an amount in excess of the jurisdiction of the county court from which the cause had been appealed. The question at issue seems to have been settled by this court adversely to the contention of plaintiffs in error. In *Union P. R. Co. v. Ogilvy,* 18 Nebr., 638, it was said: "Where an action was brought in the county court to recover $990, and on appeal to the district court the petition was amended to claim $1,380, and judgment rendered for that sum, *held* that the petition could not be amended to claim more than $1,000, and accrued interest, being the limit of the civil jurisdiction of the county court." The ruling in that case has been quoted with approval by this court in *Fuller v. Schroeder,* 20 Nebr., 631; *Sells v. Haggard & Co.,* 21 Nebr., 357; *Plano Mfg. Co. v. Nordstrom,* 63 Nebr., 123; *Bates v. Stanley,* 51 Nebr., 252. In this case, plaintiff in error Spargur, in his counter-claim in the county court, claimed judgment for $400 on account of goods furnished which were inferior in quality and of less value than those purchased. In his counter-claim in the district court he incorporated two or three other causes of action not sued upon in the county court. It is the settled rule in this state that the cause in the appellate court must be tried upon the same issues presented in the court from which it was appealed. *Levi v. Fred,* 38 Nebr., 564; *Western Cornice & Mfg. Works v. Meyer,* 55 Nebr., 440; *O'Leary v. Iskey,* 12 Nebr., 136. While it is true, as contended by plaintiffs in error, that the proper practice would require the party complaining to move to strike from the pleadings in the appellate court the new cause of action interposed, and that if no such objection is seasonably taken, the party will be deemed to have waived his objection, yet this rule has no application to amendments in an action for the recovery of money increasing the amount claimed so as to exceed the jurisdiction of the court from which the appeal is taken. We are also of the opinion that a party can not be said to have waived an objection to the introduction of a new cause of

action in the appellate court when he was absent from the trial, and had no knowledge that the proceedings were being had. In the case at bar the trial court found that the fact that the action was brought on appeal from the county court was not brought to the attention of the district court. This was in effect a fraud upon the court, from the effect of which a court of equity has power to grant relief. Our attention is directed by counsel for plaintiffs in error to *Deck v. Smith,* 12 Nebr., 389, and *Bates v. Stanley, supra,* which, it is contended, support a doctrine contrary to the conclusion we have reached. The cases referred to are replevin actions, and are so plainly distinguished from the case at bar and the cases cited to support the conclusion herein announced that consideration of them is not required.

Among other things contained in the answer filed by Spargur and Fisher in this case, it was pleaded that defendants in error had filed a motion in the district court for Dawes county to vacate and set aside the judgment at law for irregularity in obtaining it, and that said motion set up the same matters in support thereof that are now pleaded in the petition in this suit; and it is urged that as to this plea in their answer no reply was filed, and it must therefore be taken as confessed, so that the ruling in that proceeding must be held to be an adjudication of the issue presented herein. Counsel seem to be in error in this contention. It is disclosed by the record that to the answer pleading former adjudication a general denial was filed, and as the evidence is not here for examination, it must be presumed that the trial court correctly found against plaintiffs in error upon this plea. From the pleadings and findings of the trial court in this action it is apparent that the trial court would have been justified in reducing the judgment which plaintiffs in error procured in the law action to an extent much greater than was done, and it clearly appears that plaintiffs in error have no just ground of complaint against the action of the trial court.

The judgment of the trial court is right, and it is there-
fore recommended that the same be affirmed.

HASTINGS and DAY, CC., concur.

By the Court: For the reasons stated in the foregoing
opinion, the judgment of the district court is

AFFIRMED.