Linden N. Elson, appellee, v. Andro Nelson: Curtis State Bank, appellant.

272 N. W. 551

Filed April 8, 1937. No. 29933.

*F. J. Schroeder,* for appellant.

*Frank B. Morrison, contra.*

Heard before Goss, C. J., Rose, Good, Eberly, Day, Paine and Carter, JJ.

Goss, C. J.

Plaintiff recovered a judgment against defendant Curtis State Bank for threshing wheat and said defendant appealed.

The petition alleged that plaintiff entered into an oral contract with defendant bank to thresh certain wheat at seven cents a bushel; the wheat belonged to Andro Nelson and the bank held a chattel mortgage upon all grain grown by him in certain described land; thereafter plaintiff threshed 1,656 bushels of wheat on which the bank held the mortgage; plaintiff asked judgment against the bank for $115.-92. Andro Nelson is named as a defendant in the title, but the petition does not ask any judgment against him.

Defendant bank moved to strike the petition on the ground that it was an appeal from the county court and the issues as set forth in the petition were different from those in the county court; that Andro Nelson was a defendant in the county court and only the bank is a defendant here. The motion was overruled.

Then the bank filed a general demurrer to the petition. It was overruled.

For its answer the bank denied that it contracted to pay plaintiff, but alleged that plaintiff had contracted with Andro Nelson to thresh his barley for five cents a bushel and his wheat for seven cents a bushel; that, after threshing part of the grain, plaintiff asked this defendant if it would see that the threshing of the grain would be paid for, and this defendant told plaintiff it would allow Andro Nelson to retain from the proceeds of the grain already threshed and to be threshed enough to pay plaintiff for the threshing; that, after the grain was threshed and sold, this defendant allowed Nelson to retain $454.80 to pay plaintiff's threshing bill and other bills; that this defendant never agreed in writing to pay plaintiff, and that any agreement in that behalf was oral and is void under the statute of frauds; that this action was begun in the county court against Andro Nelson and the bank and was there dismissed as to both defendants, but no appeal was taken as to Andro Nelson; and that the bank, which was a guarantor only according to the bill of particulars in the county court, is therefore discharged; and that the allegations of the petition here are upon an alleged different and distinct cause of action.

The reply was in effect a general denial of new matter stated in the answer.

The cause was tried to a jury, which rendered a verdict for $109.55 against defendant bank. The transcript does not contain the instructions. The bank's motion for judgment notwithstanding the verdict was overruled and judgment was entered on the verdict.

Errors relied upon for reversal are that the court erred in overruling appellant's motion to strike the petition, erred in overruling the demurrer, erred in overruling the motion for judgment notwithstanding the verdict, and erred in overruling the motion for a new trial; that the judgment is not sustained by sufficient evidence, and the verdict and judgment are contrary to law.

Appellant claims that the oral agreement was void because it was an oral agreement to pay the debt of another. Comp. St. 1929, sec. 36-202.

*Peyson v. Conniff,* 32 Neb. 269, 49 N. W. 340, laid down this rule: "Where goods, money, or services are furnished to a third person, at the request and on the credit of the promisor, the undertaking is original and the promisor will be liable although the promise is not in writing." That case involved the services of a doctor to one who had been injured in a saloon, the proprietor of which had orally agreed to pay the charges. Many cases from other jurisdictions were cited to support the rule announced and the court there said: "The rule here stated in substance was sustained by this court in *Fitzgerald v. Morrissey,* 14 Neb. 198, and *Clopper v. Poland,* 12 Neb. 69, in each of which it was held that where the leading object of a party, promising to pay the debt of another, is to promote his own interests and not to become guarantor, and the promise is made on sufficient consideration, it will be valid although not in writing."

The rule stated in *Peyson v. Conniff, supra,* was made a syllabus point in *Williams v. Auten,* 62 Neb. 832, 87 N. W. 1061, and has never been changed so far as we can discover.

The promise of the bank to pay for the threshing was a direct promise to pay. It was based upon a good consideration, was an original undertaking, did not come under section 36-202, Comp. St. 1929, and was, therefore, not required to be in writing. It was established by sufficient evidence and supports the verdict upon which judgment was rendered.

The errors claimed and sought to be raised by the motion to strike, and by the demurrer to the petition, go to the identity of the cause of action set out in the bill of particulars in the county court and that set out in the petition in the district court. This question is to be determined by a comparison of the two pleadings. *Coleman v. Spearman, Snodgrass & Co.,* 68 Neb. 28, 93 N. W. 983. If the identity of the cause of action is preserved it is sufficient. *Jacob*

*North & Co. v. Angelo* (on rehearing), 75 Neb. 381, 110 N. W. 570. Without going into details, we have compared the two pleadings and find no prejudicial difference in them. Under the mandate of section 20-853, Comp. St. 1929, we "must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

We have examined the errors claimed and determine that the judgment of the district court was right. It is

AFFIRMED.