672

KATHERINE WALTER, APPELLEE, v. SCHOOL DISTRICT NO. 34,
PERKINS COUNTY, APPELLANT.

276 N. W. 666

FILED DECEMBER 17, 1937. No. 30109.

*Hastings & Hastings,* for appellant.

*Bruce K. Lyon, contra.*

Heard before GOSS, C. J., ROSE, DAY, PAINE, CARTER and
MESSMORE, JJ., and TEWELL, District Judge.

ROSE, J.

This is an action to recover damages for breach of a
written contract evidencing the employment of Katherine
Walter, plaintiff, to teach school in District 34, Perkins
county, defendant, for the term of nine months, beginning
September 2, 1935, for the salary of $60 a month.

Plaintiff taught school under her contract from Septem-
ber 2, 1935, until January 7, 1936, and had received for
her services $240. She was discharged by defendant
January 9, 1936, commenced this action in the county
court of Perkins county February 6, 1936, to recover the
stipulated salary of $60 a month to the end of the term,
or for the remainder of $300. The county court sustained
the claim of plaintiff in full and entered judgment in her
favor for $300. Defendant appealed to the district court.

On appeal, plaintiff pleaded her qualifications, her con-

tract, her performance of duties as teacher until discharged, her discharge by defendant without just cause, her willingness to perform her contract in full, and her inability to procure other employment. In a lengthy answer defendant admitted execution of the contract, but charged plaintiff was not properly qualified to teach school in District 34; accused her of inefficiency, incompetency and negligence, giving instances; alleged good and sufficient cause for her discharge; pleaded she made false representations to procure the contract and was not entitled to any damage. Upon a trial before a jury, plaintiff proved the allegations of her petition. Defendant, at the close of the evidence on behalf of plaintiff, without offering any proof, moved the court to direct a verdict in her favor for damages on the basis of $60 a month from January 9, 1936, the date on which she was discharged, until February 6, 1936, the date of bringing her suit in the county court. The district court overruled this motion and defendant elected to stand upon it. As a result, the jury were excused and judgment was rendered in favor of plaintiff against defendant for $300, interest and costs. Defendant appealed to the supreme court.

The contention of defendant is that plaintiff was only entitled to damages at the rate of $60 a month from the date on which she was discharged until she brought her suit in the county court—January 9, 1936, until February 6, 1936. Defendant argues that it is only where the action is brought after the entire term of employment has expired, where there has been no opportunity for new employment or for other earnings in the meantime and where there has been no mitigation of damages, that the stipulated compensation is recoverable to the end of the term, citing *Carstens v. McDonald,* 38 Neb. 858, 57 N. W. 757; *Terry v. Beatrice Starch Co.,* 43 Neb. 866, 62 N. W. 255; *Hixson Map Co. v. Nebraska Post Co.,* 5 Neb. (Unof.) 388, 98 N. W. 872; *Fahey v. Updike Elevator Co.,* 102 Neb. 249, 166 N. W. 622; *Kring v. School District,* 105 Neb. 864, 182 N. W. 481; *Helwig v. Aulabaugh,* 83 Neb. 542,

120 N. W. 162; *Wirth v. Calhoun,* 64 Neb. 316, 89 N. W. 785.

If that is law in Nebraska, there are nevertheless other principles that control the decision in view of the undisputed facts. On appeal from the county court to the district court in an action for breach of contract for services of a school teacher for a definite term on a monthly salary, where she was discharged without cause in the midst of the term, the unpaid salary for full performance, in absence of any mitigation in damages, may be recovered on the appeal after expiration of the entire term of employment with the cause of action unchanged, though a smaller amount only may have been recoverable before expiration of the term, when the cause was tried in the county court. On undisputed facts proved by plaintiff at the time the case was tried on appeal in the district court, the measure of damages was the unpaid salary of $60 a month to the end of the term, or $300, interest and costs. The case was tried there October 14, 1936, after expiration of the entire term fixed by the contract, without any evidence of mitigation in damages.

Plaintiff introduced in evidence a certificate of the state superintendent of public instruction showing her qualifications to teach during the time stated in the contract of employment. The contract itself is in the record and it provides she shall receive no salary after her dismissal, if discharged for sufficient cause, thus implying contemplation of damages, if discharged without sufficient cause. There is no evidence of cause for her dismissal. She testified she could not get other employment. By motion of defendant in open court to allow her some partial damages, her dismissal without just cause was conceded. She was turned off in the midst of the school year. The key to the schoolhouse was taken from her. She offered to perform her contract to the end pursuant to its terms. Defendant continuously prevented her from doing so and from recovering anything until she closed her evidence in the district court. There had been no

tender of damages for the period between her dismissal and the bringing of her suit. After expiration of the entire term, defendant filed in the district court July 15, 1936, the answer denying liability for any damages. This answer contained the unproved charges of fraud, incompetency and negligence.

On appeal from the county court to the district court, the procedure pointed out by statute is as follows:

"The plaintiff in the court below shall be the plaintiff in the district court; and the parties shall proceed, in all respects, in the same manner as though the action had been originally instituted in such court." Comp. St. 1929, sec. 21-1305.

Interpreting statutory procedure a rule formerly stated reads thus:

"A case must be tried in the district court upon appeal upon the issues tried in the lower court. This does not mean that no issuable fact can be pleaded in a petition in the district court that was not alleged in the bill of particulars in the lower court. If the identity of the cause of action is preserved in the petition it is sufficient." *Jacob North & Co. v. Angelo,* 75 Neb. 373, 381, 105 N. W. 1089, 110 N. W. 570.

This was quoted and followed in *Weideman v. Estate of Peterson,* 129 Neb. 74, 261 N. W. 150. See, also, *Swenson Bros. Co. v. Commercial State Bank,* 98 Neb. 702, 154 N. W. 233. In an earlier case the court announced the following principle:

"On appeal, the amount of damages claimed on the same causes of action may be increased, if not beyond the jurisdiction of the lower court." *Plano Mfg. Co. v. Nordstrom,* 63 Neb. 123, 88 N. W. 164.

The cause of action was the same in both trial courts. In both, plaintiff claimed $300 for breach of the same contract. The petitions were the same, except that in the county court at the time of the trial the entire term of employment had not expired, while it had expired at the time of the trial in the district court. In both courts

plaintiff was entitled to recover some damages. The recovery in the district court was within the jurisdiction of the county court. To plaintiff's claim for $300, as pleaded, tried and determined in the district court, there was no defense, though the contentions of defendant were well presented in good faith.

AFFIRMED.