KBR RURAL PUBLIC POWER DISTRICT, APPELLEE, v. M. C. KIDDER, APPELLANT.

128 N. W. 2d 687

Filed May 29, 1964. No. 35670.

Dean L. Donoho, for appellant.

Arthur A. Weber, Quigley & Quigley, and William S. Dill, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

This is an appeal from the sustaining of a motion for summary judgment on a counterclaim filed by the defendant in the district court.

We shall refer to the KBR Rural Public Power District as the power district. We shall refer to the defendant as Kidder.

On April 4, 1960, the power district filed an action against Kidder in the county court of Cherry County to recover for electric service in the sum of $578.71 with interest and costs. On May 2, 1960, Kidder filed his answer thereto in which he pleaded "not guilty." On May 24, 1960, after hearing, the county court entered judgment for the power district in the amount of $578.71 and costs amounting to $19.75. Kidder appealed to the district court.

On June 27, 1960, the power district filed its petition on appeal in the district court for Cherry County. On July 19, 1961, Kidder filed an answer and counterclaim. By the counterclaim Kidder asserted for the first time in the litigation that the power district in 1955 constructed transmission lines across his lands without condemning an easement therefor to his damage in the amount of $3,000 for which he prayed judgment. On July 26, 1961, the power district filed its reply denying the allegations of the counterclaim and asserting that the construction of the transmission lines was in accordance with an agreement with Kidder and that he is estopped from asserting damages therefor. On September 12, 1961, Kidder filed a general denial to the power district's answer to the counterclaim.

On September 21, 1961, the power district filed a dismissal of its action against Kidder, acknowledging the receipt of $608.18 as full satisfaction of its claim for electrical service. The dismissal was without prejudice to Kidder's rights on his counterclaim.

On March 21, 1962, trial to a jury was commenced. At the close of the evidence the trial court found that

reversible error had been committed during the course of the trial and declared a mistrial. On September 13, 1963, the power district moved for a summary judgment. On the hearing of the motion for summary judgment the power district offered in evidence a transcript of the evidence taken at the mistrial in the district court in support of its motion for summary judgment. The trial court sustained the motion and this appeal resulted.

In the instant case the issues in the county court consisted of the power district's claim of $578.71 for electrical service furnished and a general denial filed thereto, and nothing more. In the district court Kidder filed a counterclaim for $3,000 on an issue completely foreign to the issues in the county court. It will be noted also that the counterclaim was for an amount in excess of the jurisdiction of the county court without any indication that the amount in excess of the county court's jurisdiction was waived. No objection to the variance in the issues in the district court from those in the county court was made. The jurisdiction of the district court in the instant case was appellate and not original. The issues on appeal are limited to those raised in the county court. On appeal from the district court to this court in such a case the issues are likewise limited to those raised in the county court.

"When an appeal is taken from the county court to the district court the case is to be tried in the appellate court upon the issues that were presented in the court from which the appeal was taken." In re Estate of Shierman, 129 Neb. 230, 261 N. W. 155. "A case must be tried in the district court upon appeal upon the issues tried in the lower court. This does not mean that no issuable fact can be pleaded in a petition in the district court that was not alleged in the bill of particulars in the lower court. If the identity of the cause of action is preserved in the petition it is sufficient." Jacob North & Co. v. Angelo, on rehearing, 75 Neb. 381, 110 N. W. 570. See, also, Walter v. School Dist. No. 34, 133 Neb. 672,

276 N. W. 666; Elson v. Nelson, 132 Neb. 532, 272 N. W. 551; Howard County v. Enevoldsen, 118 Neb. 222, 224 N. W. 280.

The counterclaim filed in the district court was not within the jurisdiction of the county court and was, consequently, beyond the jurisdiction of the district court in an appeal from the county court. This question was indirectly dealt with in Plano Mfg. Co. v. Nordstrom, 63 Neb. 123, 88 N. W. 164, but the analogy is plain. The court said: "It is true that in the original bill of particulars the damages arising out of the breach of this contract are alleged at only $49. It is true that in the amended petition in the district court the damages are alleged at $80 and interest. But the change is entirely within the power of amendment on appeal proceedings possessed by the district court. The action is upon the same contract. It merely claimed damages for both notes whose return is provided for in that contract, instead of for one of them. In Union P. R. Co. v. Ogilvy, 18 Nebr., 638, it is held that the power of amendment in the appellate court is limited to the highest sum for which judgment could have been rendered below. The judgment in this case is quite within that rule, and by distinct implication that decision permits an amendment which does not depart from the original cause of action, and is within that limit." See, also, Peoples Nat. Bank v. Geisthardt, 55 Neb. 232, 75 N. W. 582; Spargur v. Prentiss, 66 Neb. 222, 92 N. W. 300.

The counterclaim filed in the district court is not only a complete variance with the issues tried in the county court, but it is also beyond the jurisdiction of the county court and, therefore, beyond the jurisdiction of the district court on appeal. See Johnson v. Washburn, 146 Neb. 335, 19 N. W. 2d 563, 167 A. L. R. 1238. While this court has on occasion said that a case will be disposed of on appeal here on the theory that the parties mutually tried it below, and that a variance cannot be asserted for the first time on appeal, that rule can

have no application where it appears that the district court did not have jurisdiction of the issue. Bankers Life Ins. Co. v. Robbins, 59 Neb. 170, 80 N. W. 484; Plunkett v. Parsons, 143 Neb. 535, 10 N. W. 2d 469; Gomez v. State ex rel. Larez, 157 Neb. 738, 61 N. W. 2d 345. Even though the district court is a court of general jurisdiction and, as such, its powers are liberally construed in favor of vesting jurisdiction, its jurisdiction on appeal is a limited one.

Even though no objection to jurisdiction was made in the trial court or on this appeal, jurisdiction on appeal cannot be conferred by acquiescence or consent where a lack of jurisdiction is clearly disclosed. We necessarily conclude that the district court lacked the jurisdiction to hear and decide the issues raised by the counterclaim in the appeal proceeding and this court likewise is without jurisdiction. We dismiss the counterclaim for want of jurisdiction.

COUNTERCLAIM DISMISSED.