## HART-PARR COMPANY, a Corporation, v. FRANK FINLEY.

(153 N. W. 137.)

Before time fixed for delivery defendant gave notice of cancelation of his

Note.—As to the right of the seller, upon breach of executory contract, to maintain action for contract price, see notes in 17 L.R.A.(N.S.) 808; 26 L.R.A.(N.S.) 248; and 94 Am. St. Rep. 119.   And as to the right to recover purchase price where purchaser wrongfully repudiates his contract, see note in 51 L.R.A.(N.S.) 735.

written and accepted order of plaintiff for a traction engine. Plaintiff refused to permit cancelation, insisting upon performance, with defendant repudiating the contract and declaring that he would not accept or pay for the machine. Plaintiff thereafter tendered it, and upon defendant's refusal to accept it, left the engine at defendant's farm against his protests and without his consent. Plaintiff claims title passed as on a delivery, and sues for the purchase price, $2,400, and freight $104 additional. *Held:*

**Executory contract — anticipatory breach — doctrine of — overruled.**

1. The doctrine that there can be no anticipatory breach of an executory contract of purchase and sale, adopted in Stanford v. McGill, 6 N. D. 536, is overruled, and the overwhelming weight of authority, both English and American, followed.

**Executory contract — notice of cancelation — damages — accruing to plaintiff subsequent to notice — freight charges — relief from.**

2. The unconditional notice of cancelation, though not acquiesced in by plaintiff, operated to relieve defendant from damages resulting from the acts done by plaintiff in performance of the contract subsequent to notice of cancelation, and relieved defendant from freight charges incurred by plaintiff after such notice of cancelation.

**Executory contract — performance — delivery — repudiation.**

3. Though plaintiff could keep, the contract alive and insist upon its performance up to the time for delivery, and could incur freight expense in so doing after notice of cancelation, its right to recover for it depends upon defendant's subsequent withdrawal of his repudiation and subsequent performance.

**Notice of cancelation — charges incurred after — increase of damages by act of own party — purchase price.**

4. The incurring of the freight charge after notice of cancelation received is an enhancement by plaintiff of its own damages, and not recoverable, unless suit can be maintained for the purchase price.

**Delivery of property — acceptance — payment of purchase price — concurrent acts — contract may provide otherwise — title — when it vests.**

5. Unless the contract stipulates the contrary, delivery and acceptance of property and vesting of title thereunder and payment of the purchase price therefor are concurrent acts, and until delivery and acceptance title does not vest, and the purchase price payable only on the vesting of title is not recoverable in a suit for the purchase price.

**Delivery — validity of — acceptance — constructive delivery — exception.**

6. To constitute a valid delivery on sale of personal property, there must be an acceptance of it by the purchaser or his agent. Constructive delivery may be an exception.

Acceptance of delivery — refusal — repudiation of contract — before time for delivery — title — operation of law.

7. In the face of a refusal to receive delivery of the property in performance of a contract of purchase and sale, the purchaser standing on a repudiation of it declared while the contract was wholly executory, with repudiation not subsequently waived or withdrawn, title cannot be cast upon the purchaser by operation of law.

Executory contract of sale — repudiation — attempted delivery after — title — suit for purchase price.

8. The attempted delivery did not vest title, and suit for the purchase price cannot be maintained, nor can the freight charges incurred after notice of cancelation be recovered.

Contract — construction — delivery — passing of title — recovery of purchase price.

9. The contract cannot be construed as authorizing a recovery independent of delivery of property or vesting of title in defendant, but instead is a contract of purchase and sale with payment conditioned upon the passing of title.

Opinion filed April 20, 1915. On petition for rehearing June 15, 1915.

From a judgment of the District Court of Grand Forks County, *Cooley,* J., dismissing this action, plaintiff appeals.

Affirmed.

*Geo. R. Robbins* and *Geo. A. Bangs,* for appellant.

If one is willing to contract that he shall be liable for the whole value of a chattel before the title passes, there is nothing to prevent his doing so, and thereby binding himself to pay the whole sum. 2 Mechem, Sales, § 1415.

The contract made was a lawful one, and imposed upon the buyer an absolute obligation to pay. To relieve him from such obligation the court must make a new contract, instead of enforcing the one made by the parties themselves. Burnley v. Tufts, 66 Miss. 49, 14 Am. St. Rep. 540, 5 So. 627.

Under such a contract as is before us, when the plaintiff brings action thereon to recover the contract amount, the title to the property, *ispo facto,* vests in the defendant. The amount of the contract may be the happening of the contingency therein specified. National Cash Register Co. v. Hill, 136 N. C. 272, 68 L.R.A. 100, 48 S. E.

637; National Cash Register Co. v. Dehn, 139 Mich. 406, 102 N. W. 965; Burnley v. Tufts, 66 Miss. 49, 14 Am. St. Rep. 540, 5 So. 627; Tufts v. Griffin, 107 N. C. 47, 10 L.R.A. 526, 22 Am. St. Rep. 863, 12 S. E. 68; White v. Solomon, 164 Mass. 516, 30 L.R.A. 537, 42 N. E. 104; American Soda Fountain Co. v. Vaughn, 69 N. J. L. 582, 55 Atl. 54; La Valley v. Ravenne, 78 Vt. 152, 2 L.R.A.(N.S.) 97, 112 Am. St. Rep. 898, 62 Atl. 47, 6 Ann. Cas. 684; Marion Mfg. Co. v. Buchanan, 118 Tenn. 238, 8 L.R.A.(N.S.) 590, 99 S. W. 984, 12 Ann. Cas. 707; Jessup v. Fairbanks, M. & Co. 38 Ind. App. 673, 78 N. E. 1050; Kilmer v. Moneyweight Scale Co. 36 Ind. App. 568, 76 N. E. 271; Phillips v. Hollenberg Music Co. 82 Ark. 9, 99 S. W. 1105; Whitlock v. Auburn Lumber Co. 145 N. C. 123, 12 L.R.A. (N.S.) 1214, 58 S. E. 909.

Courts cannot construe equities into a contract; it must be carried out as the parties were content to make it. Martineau v. Kitching, L. R. 7 Q. B. 436, 455, 41 L. J. Q. B. N. S. 227, 26 L. T. N. S. 836, 20 Week Rep. 769; Benjamin, Sales, 4th ed. 716, 717.

Upon performance of the contract by plaintiff, the title to the goods vested in the defendant, and plaintiff can recover the purchase price. 35 Cyc. 527, 537, 599 note 9; 24 Am. & Eng. Enc. Law, 1118–1120, note 1; Dowagiac Mfg. Co. v. Higinbotham, 15 S. D. 547, 91 N. W. 330; International Harvester Co. v. Pott, 32 S. D. 82, 142 N. W. 652; Martyn v. Western P. R. Co. 21 Cal. App. 589, 132 Pac. 602; Cuthill v. Peabody, 19 Cal. App. 304, 125 Pac. 926.

The detriment caused in the case is the contract price of the goods. Comp. Laws, §§ 3528, 3589, 4590; International Harvester Co. v. Pott, 32 S. D. 82, 142 N. W. 652.

*O. B. Burtness* (*L. E. Birdzell,* of counsel), for respondent.

Where a contract provides for the transfer of title to chattels at a future date, title will not vest in the purchaser, if the contract is repudiated before delivery. Chapman v. Ingram, 30 Wis. 295; Moody v. Brown, 34 Me. 107, 56 Am. Dec. 640; Burdick, Sales, §§ 363, 364; 1 Mechem, Sales, § 729; 2 Mechem, Sales, §§ 1191, 1698; Nichols & S. Co. v. Paulson, 6 N. D. 403, 71 N. W. 136; Acme Food Co. v. Older, 64 W. Va. 255, 17 L.R.A.(N.S.) 807, 61 S. E. 235; Hallidie v. Sutter Street R. Co. 63 Cal. 577.

Upon a breach of contract to purchase chattels, the remedy is an

action to recover damages for the breach. This remedy is exclusive, and the measure of damages is not the purchase price. Mechem, Sales, §§ 1698, 1699; Burdick, Sales, 2d ed. § 364; Nichols & S. Co. v. Paulson, 6 N. D. 403, 71 N. W. 136; Minneapolis Threshing Mach. Co. v. McDonald, 10 N. D. 408, 87 N. W. 993; Reeves & Co. v. Bruening, 13 N. D. 166, 100 N. W. 241; Dowagiac Mfg. Co. v. Mahon, 13 N. D. 524, 101 N. W. 903; Colean Mfg. Co. v. Blanchett, 16 N. D. 341, 113 N. W. 614; Chapman v. Ingram, 30 Wis. 295; Tufts v. Weinfeld, 88 Wis. 647, 60 N. W. 992; Acme Food Co. v. Older, 64 W. Va. 255, 17 L.R.A.(N.S.) 807, 61 S. E. 235; Unexcelled Fire-Works Co. v. Polites, 130 Pa. 536, 17 Am. St. Rep. 788, 18 Atl. 1058; Heiser v. Mears, 120 N. C. 443, 27 S. E. 117; Danforth v. Walker, 37 Vt. 239; American Pub. & Engraving Co. v. Walker, 87 Mo. App. 503.; Tufts v. Lawrence, 77 Tex. 526, 14 S. W. 165; McCormick Harvesting Mach. Co. v. Balfany, 78 Minn. 370, 79 Am. St. Rep. 393, 81 N. W. 10; Sherman Nursery Co. v. Aughenbaugh, 93 Minn. 201, 100 N. W. 1101; Funke v. Allen, 54 Neb. 407, 69 Am. St. Rep. 716, 74 N. W. 832.

Specific performance of a contract for the future sale of an ordinary chattel is not maintainable. Burdick, Sales, § 363.

An exception exists where the chattel is unique or is especially made for the purchaser. Knudtson v. Robinson, 18 N. D. 12, 118 N. W. 1051; Bement v. Smith, 15 Wend. 493; Pom. Eq. Jur. § 1402.

The provisions of the North Dakota Code as to rights of seller and obligations of buyer do not change the common-law rules. Proposed Civil Code of New York, 1865 (Commissioners Notes) § 498 and 1850, 1851; N. D. Rev. Codes 1899, §§ 3553, 4987, 4988; N. D. Rev. Codes 1905, §§ 4991, 6572, 6573, Comp. Laws 1913, §§ 5536, 7155, 7156; Reeves & Co. v. Bruening, 13 N. D. 166, 100 N. W. 241; Colean Mfg. Co. v. Blanchett, 16 N. D. 346, 113 N. W. 614; Minneapolis Threshing Mach. Co. v. McDonald, 10 N. D. 408, 87 N. W. 993; Nichols & S. Co. v. Paulson, 6 N. D. 400, 71 N. W. 136; Cuthill v. Peabody, 19 Cal. App. 304, 125 Pac. 926; Martin v. Western P. R. Co. 21 Cal. App. 589, 132 Pac. 602; Hallidie v. Sutter Street R. Co. 63 Cal. 575.

There is no question of anticipatory breach of contract in this case. A purchaser of chattels, the same as any other contractor, has the

right to arrest performance while the contract is executory. Davis v. Bronson, 2 N. D. 300, 16 L.R.A. 655, 33 Am. St. Rep. 783, 50 N. W. 836, 1 Mechem, Sales, § 1699; Collins v. Delaporte, 115 Mass. 159; Clark v. Marsiglia, 1 Denio, 317; American Pub. & Engraving Co. v. Walker, 87 Mo. App. 503; Gibbons v. Bente, 51 Minn. 499, 22 L.R.A. 80, 53 N. W. 756; Chicago Bldg. & Mfg. Co. v. Barry, — Tenn. —, 52 S. W. 451; Parker v. Russell, 133 Mass. 74.

The value of goods sold should not be recovered of the customer unless he has become the owner of the property and can protect it against assignee or creditor of the seller. Moody v. Brown, 34 Me. 107, 56 Am. Dec. 640; Nichols & S. Co. v. Paulson, 6 N. D. 400, 71 N. W. 136.

The plaintiff sues for the price of goods sold and delivered. The facts do not disclose such condition. They merely show a contract for a sale. Colean Mfg. Co. v. Blanchett, 16 N. D. 346, 113 N. W. 614; Reeves & Co. v. Bruening, 13 N. D. 166, 100 N. W. 241.

The Code does not change the common-law rule governing the passing of title under an executory contract. Colean Mfg. Co. v. Feckler, 20 N. D. 188, 126 N. W. 1019; Westby v. J. I. Case Threshing Mach. Co. 21 N. D. 575, 132 N. W. 137; Proposed Civil Code of New York, 1865, § 498; N. D. Rev. Codes 1899, § 3353; Rev. Codes 1905, § 4991; Comp. Laws 1913, § 5536; Dowagiac Mfg. Co. v. Higinbotham, 15 S. D. 547, 91 N. W. 330; Bement v. Smith, 15 Wend. 493; Comp. Laws 1913, § 7155; Hallidie v. Sutter Street R. Co. 63 Cal. 575.

Where title has not passed to the vendee, the vendor would have no action for the purchase price. Cuthill v. Peabody, 19 Cal. App. 304, 125 Pac. 926; Martyn v. Western P. R. Co. 21 Cal. App. 589, 132 Pac. 602.

After the seller had accepted a written order from the buyer for goods to be shipped on a certain day, the latter notified him not to ship them, and refused to accept them from the carrier when they were shipped; an action will not lie for the price. Acme Food Co. v. Older, 64 W. Va. 255, 17 L.R.A.(N.S.) 807, 61 S. E. 235; Unexcelled Fire-Works Co. v. Polites, 130 P. , 536, 17 Am. St. Rep. 788, 18 Atl. 1058; Tufts v. Lawrence, 77 Tex. 526, 14 S. W. 165; Reeves & Co. v. Bruening, 13 N. D. 157, 100 N. W. 241; Dowagiac Mfg. Co. v.

Mahon, 13 N. D. 516, 101 N. W. 903; Stanford v. McGill, 6 N. D. 536, 38 L.R.A. 760, 72 N. W. 938.

A party to an executory contract may stop the performance by an explicit order, and will subject himself only to such damages as will compensate the other party for being deprived of its benefits. Daniels v. Newton, 114 Mass. 530, 19 Am. Rep. 384; Collins v. Delaporte, 115 Mass. 159; Parker v. Russell, 133 Mass. 74; Davis v. Bronson, 2 N. D. 300, 16 L.R.A. 655, 33 Am. St. Rep. 783, 50 N. W. 836; Burdick, Sales, § 369; 2 Mechem, Sales, § 1091; Dowagiac Mfg. Co. v. Higinbotham, 15 S. D. 547, 91 N. W. 330; International Harvester Co. v. Pott, 32 S. D. 82, 142 N. W. 652.

Goss, J.  This action is to recover $2,400 damages as the purchase price of an engine plaintiff claims to have sold and delivered defendant, together with an additional $104 freight charge thereon.  June 10, 1912, defendant executed and delivered the usual written machinery order to plaintiff.  It was duly accepted.  Before the stipulated time for delivery, defendant notified plaintiff he would not receive the engine and to cancel his order.  Plaintiff refused cancelation, insisting upon full performance.  On receipt of defendant's written notice of revocation, and on June 29th, plaintiff wrote defendant as follows: "Referring to your letter of June 22d, in which you ask us to cancel your order, wish to say that we cannot do this. . . .  The order contains no provision for cancelation, and like any other contract it cannot be abrogated or annulled without the consent of all the parties thereto.  We will ship you the engine promptly on July 15th (the date specified for shipment in the order), and will carry out our part of the contract in every detail.  We shall then insist that you carry out yours, and you have absolutely no grounds whatever upon which to refuse to do so."  Defendant's reply, duly received, was: "Yours of the 28th of June, refusing to cancel order, at hand. . . .  Now I positively will not receive said engine, and do not think you are giving me a square deal in trying to hold me up.  If it is a case of damages, make a statement and I will consider it.  But if you wish to go to law, I am ready."  On July 15th, the earliest date fixed for performance, plaintiff tendered the engine to defendant f. o. b. at Forest River, according to the terms of the con-

tract. He refused to accept it, or to execute and deliver his notes or pay the freight. On August 13th, and within the stipulated period for performance, plaintiff took said tractor to the home of defendant, and unconditionally tendered it to him in performance of its obligation; defendant refused to receive the engine, which plaintiff then left at his farm against his expressed wishes and protest and without his consent; that the freight from the factory to Forest River was $104.

These are the findings. The appeal is from the judgment of dismissal, raising only the legal conclusions to be drawn from the findings. The decision is the answer to whether a suit can be maintained for the purchase price and freight added, as for damages suffered by the failure of the defendant to receive the stock engine ordered for future delivery to him, where before the time for delivery he had given plaintiff his unequivocal and unconditional notice of cancelation of his order, and that he would neither receive the engine nor pay for it; with defendant refusing to receive or pay for the engine and insisting upon his repudiation.

Plaintiff claims: (1) That the attempted cancelation and notice was ineffectual for any purpose, and amounted to but defendant's offer that the contract might be canceled, which offer was rejected, leaving the written contract in force; under which, however, it was not obliged to tender the engine in the face of the defendant's offer and refusal to receive it; but nevertheless it claims it did deliver it to him, and thereby parted with its title, and therefore can recover damages as for the purchase price, and (2) irrespective of the passing of title, the order should be construed as authorizing a recovery for $2,400 and freight, inasmuch as such is plaintiff's contract rights, because payment was not conditioned upon the passing of title as a condition either precedent or concurrent. Defendant asserts that: (1) title did not vest in defendant, as the contract was repudiated before delivery, upon which repudiation an action for damages only for such breach is accorded to the seller, with the measure of damages recoverable fixed by § 7156, Comp. Laws 1913, as declared where the title does not pass to the purchaser; and (2) that a purchaser has a right to stop performance of an executory contract of purchase and sale by notice of its cancelation, and the question of

breach of contract by anticipation is not. involved; and (3) that upon notice of cancelation it became the duty of the seller to mitigate its damages, rather than enhance them; and that freight paid for the shipment made after notice of cancelation was such an enhancement of its damages.

The questions presented are whether (1) this purchaser had a right to cancel his executory contract of purchase while it remained wholly executory; (2) the effect of his attempted cancelation thereof; (3) the measure of damages for the breach; and (4) the effect of cancelation to mitigate such damages.

The difficulty is not in passing upon the issues in the light of the common law alone, or of our statutes, declaratory thereof; but instead arises in their solution in harmony with both the common law and consonant in reason with the holding and the principles announced in Stanford v. McGill, 6 N. D. 536, 38 L.R.A. 760, 72 N. W. 938; wherein was repudiated the common-law doctrine that there could be an anticipatory breach of a wholly executory contract of purchase and sale. Stanford v. McGill is the bulwark behind which the plaintiff is intrenched. Under the doctrine of that case it reasons that this attempted cancelation is ineffectual except to relieve it from the necessity of making a tender; that the contract never was breached until refusal to accept the tendered property; that the attempted cancelation in no wise relieved defendant from his obligation to purchase and pay the purchase price, inasmuch as it constituted but a mere offer, the rejection of which left the contract unaffected; and under which it has performed promptly and punctually upon the first day upon which it could elect to perform; that it thereby cast title upon defendant and can recover the purchase price therefor that it can recover as damages for freight paid, because if it can disregard the cancelation at its pleasure, that cannot logically furnish a foundation for minimizing such damages necessarily incurred in moving the machine to Forest River, that it might be there for tender on July 15th; that under the reasoning of Stanford v. McGill it had the right to expect that, notwithstanding defendant's attempted repudiation, he would nevertheless repent thereof upon a tender made to him, and perform; and that accordingly it had the right to make shipment and place itself in readiness to perform its part on the first day possible;

that it is therefore entitled to recover at least the freight, inasmuch as that damage should not be mitigated on any plea that it should take notice of a futile attempt at cancelation, and anticipate that defendant's refusal would be the result of the tender, to do which is diametrically contrary to one of the chief reasons for the holding in Stanford v. McGill. And appellant can confidently inquire why it should be compelled to recognize an attempted repudiation for purposes of mitigation of damages, inoperative under Stanford v. McGill, to relieve defendant from his performance, and when the attempted repudiation itself did not affect the original rights of plaintiff under the contract? How can you mitigate as to the amount of the necessary expense of performance when the contract is unaffected by the attempted repudiation, and consequently valid as an entirety during the time the expense to be mitigated was incurred? Plaintiff propounds, in effect, these questions for answer.

"A party to an executory contract may always stop performance on the other side by an explicit direction to that effect, though he thereby subjects himself to the payment of such damages as will compensate the other for the loss he has sustained by having his performance checked at that stage of its progress." 2 Mechem, Sales, § 1091. This is the settled law even in Massachusetts (which, together with North Dakota and Nebraska, is the only state rejecting the doctrine of anticipatory breach of executory contracts), as there declared in Collins v. Delaporte, 115 Mass. 159–162, in these words: "A party to an executory contract may stop its performance by an explicit order, and will subject himself only to such damages as will compensate the other party for being deprived of its benefits;" and is also recognized as the law in Parker v. Russell, 133 Mass. 74. But the application of this general rule of law seems inconsistent with the doctrine that there can be no anticipatory breach, but yet that the notice, although not operating to affect the contract rights in the least, nevertheless, as to damages recoverable, may in effect "stop performance." As all the law is to this effect our holding could be based upon this principle alone as to this phase of the case. However, to do so, and to cite, affirm, or leave intact the declared doctrine in Stanford v. McGill, would seem to be applying a general rule of law

unharmonious with logical results of the principles and reasoning in that case.

Recent authorities sustain the doctrine of anticipatory breach. 6 R. C. L. §§ 384–387; O'Neill v. Supreme Council, A. L. H. 1 Ann. Cas. 422 and note (70 N. J. L. 410, 57 Atl. 463), the opinion of which is by Justice Pitney, and contains an elaborate discussion and citation of authority, English and American. Roehm v. Horst, 178 U. S. 1, 44 L. ed. 953, 20 Sup. Ct. Rep. 780, declares that "the doctrine that there may be an anticipatory breach of an executory contract by an absolute refusal to perform it has become the settled law of England as applied to contracts for services, for marriage, and for the manufacture *or sale of goods;*" citing the leading English case of Hochster v. De La Tour, 2 El. & Bl. 678, and other English cases, and stating; "This doctrine, which thus obtains in England, has been almost universally accepted by the courts of this country." In the course of that Federal opinion, Stanford v. McGill is cited, and it, together with Daniels v. Newton, 114 Mass. 530, 19 Am. Rep. 384, followed as the authority in Stanford v. McGill, is repudiated. It says: "We think that there can be no controlling distinction on this point between the two classes of cases, and that it is proper to consider the reasonableness of the conclusion that the absolute renunciation of particular contracts constitutes such a breach as to justify immediate action and recovery therefor. The parties to a contract which is wholly executory have a right to the maintenance of the contractual relations up to the time for performance, as well as to a performance of the contract when due. If it appear that the party who makes an absolute refusal intends thereby to put an end to the contract so far as performance is concerned, and that the other party must accept this position, why should there not be speedy action and settlement in regard to the rights of the parties? Why should a *locus pœnitentiæ* be awarded to the party whose wrongful action has placed the other at such disadvantage? What reasonable distinction *per se* is there between liability for a refusal to perform future acts to be done under a contract in course of performance, and liability for a refusal to perform the whole contract, made before the time for commencement of performance?" To the same effect see Wester v. Casein Co. 206 N. Y. 506, 100 N. E. 488, Ann. Cas. 1914B, 377; Holt v. United Secur. L. Ins. & T.

Co. 12 Ann. Cas. 1105 and note, (74 N. J. L. 795, 11 L.R.A.(N.S.) 100, 67 Atl. 118), and the second trial of the same case in 76 N. J. L. 585, 21 L.R.A.(N.S.) 691, 72 Atl. 301; Kelly v. Security Mut. L. Ins. Co. 9 Ann. Cas. 661 and note (186 N. Y. 16, 78 N. E. 584); Lake Shore & M. S. R. Co. v. Richards, 152 Ill. 59, 30 L.R.A. 33–47, 48, 38 N. E. 773; Brady v. Oliver, Ann. Cas. 1913C, 376 and note (125 Tenn. 595, 41 L.R.A.(N.S.) 60, 147 S. W. 1135); Greenwall Theatrical Circuit Co. v. Markowitz, 97 Tex. 479, 65 L.R.A. 302, 79 S. W. 1069; Oklahoma Vinegar Co. v. Carter, 94 Am. St. Rep. 112 and note, (116 Ga. 140, 59 L.R.A. 122, 42 S. E. 378); Krebs Hop Co. v. Livesley, Ann. Cas. 1913C, 758 and note, (59 Or. 574, 114 Pac. 944, 118 Pac. 165); 35 Cyc. 528, 583–586. All these recent decisions repudiate the doctrine of Stanford v. McGill. Justice Pitney, after citing scores of decisions supporting anticipatory breach, has the following to offer, found in 1 Ann. Cas. 423: "So far as observed the only states dissenting from the doctrine are Massachusetts, Nebraska, and North Dakota. Daniels v. Newton, 114 Mass. 530, 19 Am. Rep. 384; Carstens v. McDonald, 38 Neb. 858, 57 N. W. 757; King v. Waterman, 55 Neb. 324, 75 N. W. 830; Stanford v. McGill, 6 N. D. 536, 38 L.R.A. 760, 72 N. W. 938. The latter decision is based partly, and the Nebraska decisions princpally, upon the authority of Daniels v. Newton, which is the leading case upon this side of the question. . . . But in Parker v. Russell, 133 Mass. 74, it was held that a refusal of performance of a substantial part of the contract after the time for entering upon performance has begun entitles the injured party to treat the *entire* contract as absolutely broken, and to recover *immediately* his damages based upon the whole value of the contract, including compensation for nonperformance in the future as well as in the past. In Ballou v. Billings, 136 Mass. 307, it was held that, for the purposes of rescission by the promisee, notice that the promisor will not perform *has the same effect as an actual breach.* These and other cases show that, even in Massachusetts, the reasoning on which the decision in Daniels v. Newton was based *is hardly carried to its logical conclusion.*" When Stanford v. McGill was decided there may have been some doubt about what the trend of authority might be in the future, but the contrary rule has since been unanimously followed, and the law generally applicable to

executory sale contracts settled in harmony therewith. As no property rights can be involved, inasmuch as no rule of property could have grown out of that decision, no harm can come from harmonizing the law in this jurisdiction with that generally prevailing. Accordingly, Stanford v. McGill to that extent is overruled. The notice of repudiation given was such as might have authorized plaintiff to have considered the entire contract as breached, and brought its action immediately for damages had it so elected. But this it did not do, and the option to do so rested with it; and at the time stipulated for performance plaintiff was charged with notice previously given that defendant would not receive the property, which obviated necessity of a tender or of any further act by it. Sections 5775 and 5824, Comp. Laws 1913. It could treat the contract as subsisting "up to the time when performance should commence, for the purpose of insisting that the other party, who has previously repudiated it, shall then and finally determine whether he will comply with its terms or persist in his resolution not to perform upon his part. But the party who has *not* broken his compact is not allowed to treat it as in force for the purpose of performing in direct opposition to the refusal of the other to abide by its terms, *and then enforce the payment of the contract price.*" 6 R. C. L. 1026; Danforth v. Walker, 37 Vt. 239; Davis v. Bronson, 2 N. D. 300, 16 L.R.A. 655, 33 Am. St. Rep. 783, 50 N. W. 836; Collins v. Delaporte, 115 Mass. 159; Gibbons v. Bente, 51 Minn. 499, 22 L.R.A. 80, 53 N. W. 756; note to 33 Am. St. Rep. 795, 796; Kadish v. Young, 108 Ill. 170, 48 Am. Rep. 548; John A. Roebling's Sons' Co. v. Lock Stitch Fence Co. 130 Ill. 660, 22 N. E. 518; Acme Food Co. v. Older, 17 L.R.A.(N.S.) 807, and note, (64 W. Va. 255, 61 S. E. 235.)

As to the assertion that title was vested in defendant, and that therefore it could sue for the purchase price, title could not be cast upon defendant in the face of his persistent refusal to accept title or the engine. There are cases where delivery may be constructively made or may be presumed, but that is not ours. The contract remains executory, and no title passes as on an executed sale until the buyer accepts a delivery of the property. Section 5536, Comp. Laws 1913; Nichols & S. Co. v. Paulson, 6 N. D. 400, 71 N. W. 136; Colean Mfg. Co. v. Blanchett, 16 N. D. 341, 113 N. W. 614; Reeves & Co.

v. Bruening, 13 N. D. 157–166, 100 N. W. 241; Colean Mfg. Co. v. Feckler, 20 N. D. 188–195, 196, 126 N. W. 1019; Westby v. J. I. Case Threshing Mach. Co. 21 N. D. 575–589, 590, 132 N. W. 137.

Plaintiff has cited as sustaining a recovery with the purchase price as the measure of damages, with title cast upon defendant, a score of cases of conditional sale contracts where the property sold was delivered, but title for some cause was reserved as is usual for security purposes. Such is not precedent, as title passes in contemplation of law under a conditional sale contract, when the seller sues for the purchase price; the goods having been delivered, and it being solely at the option of the seller whether he will treat the title as vested, or retain it to otherwise enforce what in either event must be payment of purchase price. The purchaser in possession under a conditional sale contract has no option in that matter, the election being the right of the seller. Such are treated as executed sales for a purchase price for property delivered and received. This is already settled law here. Dowagiac Mfg. Co. v. Mahon, 13 N. D. 516–524, 101 N. W. 903, and Poirier Mfg. Co. v. Kitts, 18 N. D. 556, 120 N. W. 558; the latter decision holding that a vendor in a conditional sale contract may elect to waive his title and sue for purchase price. See 23 L. R. A. (N.S.) 145, and note, on effect of an action for the purchase price being a waiver of vendor's right under a conditional sale contract to recover the property *in specie*. Appellant cites Dowagiac Mfg. Co. v. Higinbotham, 15 S. D. 547, 91 N. W. 330, as sustaining his theory that title passed without acceptance of the property by defendant. That case must be understood as one in which a *delivery* was made to the carrier authorized to receive it as the agent of the consignee, with title passing on such delivery. Consult opinions in International Harvester Co. v. Pott, 32 S. D. 82, 142 N. W. 652.

Appellant cites 35 Cyc. 527, reading: "Where the buyer refuses to accept the goods or a part thereof, the seller, if he makes a proper tender, may nevertheless maintain an action for the price." This is misleading unless considered in connection with the subject-matter immediately preceding it. The principle stated applies only where title has passed by an actual or constructive delivery, as an examination of the very cases cited will demonstrate, among which are White v. Solomon, 164 Mass. 516, 30 L.R.A. 537, 42 N. E. 104, the opinion

in which, by Justice Holmes, is squarely to the contrary. An excerpt bearing on this question will be found later in this opinion. It was there held that payment was not conditioned on title passing because of the peculiar stipulations of the contract. National Cash Register Co. v. Dehn, 139 Mich. 406, 102 N. W. 965, is also cited as sustaining said text, which an examination will show to have been a conditional sale contract where title was retained for security with a prior delivery had, with title for such purpose waived and vested by the suit for the purchase price. Nearly every case cited as sustaining the text is likewise distinguishable. The true rule here applicable is found at 35 Cyc. 592. Cuthill v. Peabody, 19 Cal. App. 304, 125 Pac. 926, cited by appellant, has no application, as title is there held to have passed, the opinion stating: "of course, in a case where the title to the property contracted for has not passed to the vendee, the vendor, upon a breach of the contract, would have no cause of action for the purchase price."

The purchase price cannot be recovered as the measure of damages in the absence of a provision in the contract to the contrary, unless title to the goods has vested in the purchaser, as the transfer of title and payment therefor are in contemplation of law concurrent acts, and "if the buyer refuses to accept the goods *even wrongfully,* he cannot be sued for the price, because the event on which he undertook to pay the price has not happened." White v. Solomon, 164 Mass. 516, 30 L.R.A. 537, 42 N. E. 104; Reeves & Co. v. Bruening, 13 N. D. 157–166, 100 N. W. 241; Minneapolis Threshing Mach. Co. v. McDonald, 10 N. D. 408, 87 N. W. 993, construing § 7156, Comp. Laws 1913.

Plaintiff claims the right to recover independently of the passing of title, as on a contract stipulating for the payment of money without the passing of title being a condition either precedent or concurrent to payment. There are two equally conclusive answers to this contention: First, there is no basis in the pleadings for such a claim, as it sues as for recovery of a purchase price of property sold and delivered; and, secondly, the contract itself negatives such a claim, showing on its face to be a contract for the purchase and sale of personal property with payment by notes stipulated to be made as a condition concurrent upon delivery of such property, with title the considera-

tion for the notes. Acme Food Co. v. Older, 64 W. Va. 255, 17 L.R.A. (N.S.) 807, 61 S. E. 235.

To summarize in conclusion. Defendant had the right to tender a breach of the contract by notice that he would never perform, which repudiation plaintiff might have elected to accept as a present and immediate breach. Stanford v. McGill, 6 N. D. 536, 38 L.R.A. 760, 72 N. W. 938, is to this extent overruled. Instead, it elected to keep the contract alive until the stipulated time for performance arrived, when, defendant not having withdrawn his renunciation, it could dispense with tender of performance and sue for damages. This it elected not to do, but chose to make a tender and afford defendant a further opportunity to receive it, in the event of which reception of the property, he could have been sued for the purchase price. However, he refused to receive either property or title, standing upon his repudiation of the contract, but thereby rendering himself liable for all damages accruing to the other party because of such breach. The measure of damages for breach is by § 7156, Comp. Laws 1913, and the common law, governed by a different rule from where title has been vested, in which event it is to be deemed to be the contract price. Section 7155, Comp. Laws 1913. As this suit is for the contract price for goods sold and delivered, it is not maintainable. There is an entire failure of proof of damages. As to the freight paid the findings do not disclose but what this expense was incurred after notice of repudiation operated to check further performance. That defendant did not observe it, if the freight expense was incurred thereafter, was at plaintiff's own election, and taken at the hazard that it could induce defendant to later perform the contract. It is in contemplation of law an enhancement of damages after notice of repudiation, and is not recoverable. Judgment affirmed.

## On Petition for Rehearing.

Goss, J. Appellant's counsel has petitioned for a rehearing. They assert that §§ 5775, 5821, and 5824, Comp. Laws 1913, "preserve a right to defendant to withdraw his repudiation; the time within which such right to withdraw may be made expires only with maturity of the obligation; the right thus preserved is as valuable to defendant as

31 N. D.—10.

it is to plaintiff; the right thus preserved is merely the right which has been created or fixed by the contract." That these sections "together necessarily, obviously, and clearly provide that the contract remains in force." And (2) that these sections cover the subject under consideration to the exclusion of the common law.

The statutes cited constitute no guaranty to the repudiator of an executory contract that the other party *must,* in the face of notice given of a determined repudiation, nevertheless suffer the violator to remain in full enjoyment of all rights under the contract he would possess had he not repudiated. No such intent is manifest from the statutes in question. It is to the other party not in default to whom these statutes speak, and for whose benefit they stand. They have been in force since long before the decision of Stanford v. McGill, and will apply after the overruling of the doctrine of that case as fully as they did before. In fact, they have no application whatever to the subject under discussion, that of anticipatory breach. They support neither contention concerning it, nor aid in determining which of the two should be selected as the law of this jurisdiction.

As to the second contention, it is already answered by the statement that these statutes are not upon the subject under investigation. But if they were, the Codes are not exclusive where the statute is silent, but only where it speaks. A sufficient discussion of this question will be found in the decision of this court in Reeves & Co. v. Russell, 28 N. D. 265, 148 N. W. 654, where a similar contention, citing the same cases here relied upon, is treated at length.

Exception is taken by plaintiff to what counsel terms the overruling by *dictum* of Stanford v. McGill, as to the doctrine of anticipatory breach; and that this "should not be lightly done;" "that *eliminating freight,* there has been no enhancement or increase of damages." In answer it may be said that "eliminating freight," there would have been no necessity for counsel or the court to discuss anticipatory breach of contract; "eliminating freight," there would have been no issue made of enhancement of damages; "eliminating freight," there could have been no *"dictum"* concerning Stanford v. McGill. But there was no possibility of "eliminating freight" in considering the issues, as plaintiff has sued for its recovery, and assigned error on its

denial thereof. Necessity for its discussion is set forth in the opinion. There is no desire to lightly overrule any precedent, but at times it is as wise as it is necessary to recognize a mistake when convinced that it is such. Counsel concede, as they must, that the almost unanimous weight of authority and precedent support our action and the conclusions announced. It is deemed better to overrule this precedent, than by citing it indirectly affirm it. All other questions presented in the petition for a rehearing are but an additional argument to that presented before the opinion was written, and are already answered in the opinion. The petition is denied.