DES LACS WESTERN OIL COMPANY, a Corporation, Appellant, v. NORTHERN TOOL COMPANY, a Foreign Corporation, and Canadian Western Manufacturing & Supply Company, Limited, a Foreign Corporation, and the Great Northern Railway Company, a Foreign Corporation, Respondents.

(179 N. W. 697.)

**Sales — ownership and value of property held properly determined as questions of fact.**

1. In an action of replevin, where a supply company shipped certain oil

machinery consigned to itself, under bill of lading with sight draft attached for $5,938, and where the plaintiff, refusing to pay the amount thereof, by claim and delivery proceedings seized and took from the possession of a common carrier such machinery, and where the supply company had previously made a contract of sale covering such machinery with a tool company, which in turn had later made a contract for resale of a portion thereof.

It is *held*, upon the record, that the questions of ownership and value of the property were largely questions of fact, and that the trial court did not err in determining that the supply company was the owner of the property, and that the value thereof was the contract price.

Opinion filed October 1, 1920.

Action in claim and delivery in Ward county, *Leighton*, J.

From a judgment in favor of the supply company and from an order denying plaintiff's motion for a new trial or judgment *non obstante,* the plaintiff has appealed.

Affirmed.

*Halvor L. Halvorsen* and *Greenleaf & Wooledge,* for appellant.

"Where there are circumstances pointing both ways, some indicating an intent to pass the ownership immediately, notwithstanding the bill of lading—in other words, where there is anything to rebut the effect of the bill—it becomes a question for the jury whether the property has passed." Ogg v. Shuter, L. R. 10 C. P. 159.

"By the act of accepting goods in bailment, the bailee acknowledges a right or title in the bailor." Warder Bushnell & G. Co. v. Rublee, 43 N. W. 569.

*Fisk & Murphy,* for respondents.

The plaintiff carries the burden of establishing all the material and necessary averments of its complaint. Among these is the allegation of ownership and immediate possession. Halverson v. Anderson, 3 N. D. 540.

The real test whether an action can be maintained turns upon the question whether plaintiff is, at the time of the institution of the suit, entitled to the immediate possession of the property claimed. 23 R. C. L. 866, ¶ 15, cases cited in note 17; 34 Cyc. 1386, 1387, cases cited in notes 52–55.

BRONSON, J. *Statement.*—This is an action brought to recover the possession of certain oil-well machinery. The facts are substantially as follows:

The defendant supply company is a foreign corporation engaged in the hardware and oil machinery business with its principal office at Calgary, Alberta. In March, 1918, this supply company entered into a contract with the defendant Northern Tool Company, a foreign corporation, for the sale of certain well machinery. This contract provided for the sale and delivery of certain oil machinery for a consideration of $40,000; that the vendor should forthwith commence the loading of such goods sold, and continue such loading until all of the same was shipped; that the consideration should be paid by two notes aggregating $13,000, and, as to the balance, by payment of sight drafts with bills of lading attached, covering the goods, properly proportioned on each car shipped. Later, in March, 1918, the plaintiff made a written contract with the defendant Northern Tool Company for the sale and delivery of certain oil machinery for a consideration of $5,920, to be paid by the immediate delivery of $2,000 in Liberty bonds, and, for the balance, by the payment in full of a sight draft attached to the bill of lading, for such goods upon their arrival at destination. The plaintiff delivered to the tool company the Liberty bonds. The Northern Tool Company, in April, 1918, directed the defendant supply company to ship to the plaintiff the oil machinery covered by its sales agreement with the plaintiff, accompanied by a sight draft for $5,000 attached to the bill of lading.

In May, 1918, the defendant supply company shipped the goods involved upon a bill of lading consigned to the order of itself, with a sight draft for $5,938 drawn by such supply company upon the plaintiff. Upon arrival of the goods, the plaintiff refused to pay the amount of such sight draft. The defendant supply company refused to release such sight draft and bill of lading unless payment was made. Thereupon, in May, 1918, this action was instituted and the goods taken from the possession of the railway company upon proceedings in claim and delivery. The defendant Northern Tool Company did not appear and is in default. The defendants, the supply company and the railway company, answered. This action was tried before the court without a jury. In September, 1919, upon findings rendered, judgment

was entered in favor of the defendant supply company, for the return of the property, or, in the event that a return thereof could not be made, for value, with interest and costs amounting to $6,452.05. The plaintiff later made a motion for a new trial or for judgment *non obstante*. From the order denying plaintiff's motion and from the judgment so rendered, the plaintiff has appealed.

*Decision.*—The principal questions involved concern the ownership and the value of the property. In brief, the appellants contend that the defendant supply company has failed to prove title in the property, that it is estopped to claim title, and that there is no evidence to warrant the alternative judgment for money rendered. Upon this record the question of the ownership of the property, the right to its immediate possession, and the value thereof, were largely questions of fact. The trial court has found adversely to the contentions of the plaintiff. We are not disposed to disturb its findings of the judgment as rendered. It was necessary for the plaintiff to establish ownership, a right to immediate possession. Haverson v. Anderson, 3 N. D. 540, 58 N. W. 340; 34 Cyc. 1386. This ownership at the time of the seizure was principally a question of intent. See notes in 2 L.R.A. (N.S.) 1078, and 10 C. J. 351. This court, upon this record, may not hold as a matter of law that the defendant supply company, under its contract with the defendant Northern Tool Company, intended to part with title and make delivery of the property involved prior to the payment of the sight draft and bill of lading. See § 5536, Comp. Laws 1913; Hart-Parr Co. v. Finley, 31 N. D. 130, L.R.A.1915E, 851, 153 N. W. 137, Ann. Cas. 1917E, 706; note in 39 L.R.A.(N.S.) 309. The contracts involved were subject to a construction upon the record, as contracts to sell, and not as bills of sale. The claims of an estoppel are without merit. Although there is considerable evidence in the record to show that the property was not worth the contract price, nevertheless, the value as found by the court is substantially the stipulated price in the contract of the plaintiff with the Northern Tool Company, upon and through which it claims title. It is substantially the amount stated in the sight draft. The trial court was fully justified in finding as a fact that the value of the property was the contract price.

The judgment and order appealed from is in all things affirmed, with costs to the respondent.