THEODORE O. LOVELAND and James L. Records, Copartners Doing Business under the Name and Style of Bernard Manufacturing Company, Appellants, v. J. G. HAVLENA, Respondent.

(30 A.L.R. 325, 195 N. W. 12.)

**Bills and notes — holder of negotiable instrument on which subsequent indorsements appear need not show transfer to himself.**

1. Where, in an action on a negotiable instrument payable to the plaintiff and specially indorsed by him, subsequent indorsements appear, the presumptions are in the plaintiff's favor and he need not show a retransfer to himself.

---

Note.—(1) Necessity of proof of title by one in possession of a negotiable instrument bearing his indorsement, see note in 30 A.L.R. 328.

(1) Effect of repudiation of executory contract of sale, see 24 R. C. L. 102.

Sales — executory contract for sale of personal property may be repudiated by purchaser subject to right of seller to recover damages.

2. While a contract of purchase and sale of personal property is executory, the purchaser may repudiate and cancel the same, subject to the right of the seller to recover such damages as he may suffer by reason of such repudiation.

Sales — where purchaser after repudiation of sales contract accepts goods, seller may recover.

3. Though a purchaser repudiates an executory contract of purchase and sale of personal property, if the seller refuses to assent to such repudiation and thereafter performs, and the purchaser recedes from his position and accepts the goods tendered in performance, the seller may recover according to the terms of the contract.

Opinion filed July 26, 1923.   Rehearing denied September 28, 1923.

Bills and Notes, 8 C. J. § 1247 p. 958 n. 63.   Sales, 35 Cyc. pp. 257 n. 30; 533 n. 94.

Appeal from the District Court of Ward County, *Lowe, J.*
Judgment for defendant, and plaintiffs appeal.
Reversed and remanded.
*C. B. Davis,* for appellants.
*Palda & Aaker,* for respondent.

NUESSLE, J.   This is an action to recover on certain promissory notes given by the defendant to the plaintiffs.   The complaint is in the usual form.   The defendant pleads, first, a general denial, and second, that the notes were given as a part of a contract for certain phonographs which the defendant in writing cancelled and repudiated prior to the shipment of the goods purchased.   The cause was tried to a jury. The verdict was for the defendant.   .Judgment was entered thereon. Thereafter the plaintiffs moved for a new trial, specifying various alleged errors occurring during the course of the trial and the insufficiency of the evidence to sustain the verdict.   This motion was denied. This appeal is from the order denying the motion for a new trial and from the judgment.

There is little controversy as to the facts.   It appears that on July 8th, 1919, plaintiffs' salesman procured the defendant to enter into a contract in writing, reading in part: "Upon your approval of this order

and agency contract, deliver to me at your earliest convenience, f. o. b. distributing point, the articles mentioned below: (3 phonographs and records) in payment for which I herewith hand you my notes aggregating $374.60 which you are to cancel and return to me if agreement is not approved by you." The contract contained further provisions with reference to matters of sales agency, commissions, etc. This contract was sent by the salesman to the plaintiffs in Iowa. The plaintiffs on July 10th acknowledged receipt of the contract, and advised the defendant of their approval, and that the phonographs would be sent forward as soon as possible. The plaintiffs also sent forward to the defendant certain advertising material and supplies in accordance with the terms of the contract. Subsequently and on August 19th the defendant wrote the plaintiffs that it would be useless to try to sell phonographs that year because of adverse crop conditions and lack of money in his community, and that "I would like to cancel my contract with you for this year till times get better. I know I would not sell any of your instruments the way things stand. Let me hear from you at once in regard to this." To which, on August 22nd, the plaintiffs replied that they were in receipt of defendant's letter advising as to his desire to cancel the contract, but that they would be unable to cancel unless they were reimbursed for the expense that they had been under, and that "We would a great deal rather you go on and carry out this contract to the end of its terms for we are confident that you will be surprised at the result. . . . Please let us hear from you and oblige." The defendant made no reply to this letter. On September 15th the plaintiffs shipped two of the phonographs. The defendant paid the freight charges, and took them from the freight office; and on September 28th he wrote the plaintiffs, "I just received the phonographs and you could send out literature to list of names I send you." On October 24th the plaintiffs shipped the third phonograph to the defendant, and on the 29th, advised the defendant of such shipment. The defendant also paid the freight charges on this instrument and took the same from the carrier; and on November 5th he wrote the plaintiffs, "I am sending you a few names who are thinking of buying a new machine. Will you keep them posted?" and inclosed a list of names of prospective customers. On November 29th the defendant wrote that he would not pay the notes as the contract had been cancelled; that he was un-

able to sell any of the phonographs, and would ship them back. Plaintiffs at once replied that they were not responsible for conditions existing in North Dakota; that if defendant desired to cancel the contract he should reimburse plaintiffs for expenses incurred to date; that if defendant wished to do this he should advise by return mail, and the plaintiffs would give their terms; that they would not accept a return of the machines unless so reimbursed; and that they awaited a reply. The defendant then wrote that he had not been able to sell the phonographs although he had tried his best; that they were the property of the plaintiffs to do as they pleased with, and he would have nothing further to do with them. He said nothing as to reimbursing plaintiffs for their expenses in the matter, and kept the phonographs. There was no further correspondence, and finally this action was brought.

It is the plaintiffs' contention that the notes sued upon were given in payment of the phonographs; that although the defendant had advised the plaintiffs that he desired to cancel the contract that this was not assented to by the plaintiffs who thereafter shipped the phonographs; that they were accepted by the defendant; and that, therefore, there is no defense to this action. The defendant's position is that the notes were not given in payment of the phonographs; that they were a part of the contract; that the contract was executory and was repudiated and cancelled by the defendant before the same was carried out; and that, therefore, the plaintiffs cannot recover on the notes because there was no consideration therefor, but have their right of action in damages against the defendant on the contract for breach thereof for such amount as they can establish they are entitled to recover. Defendant further urges that the plaintiffs cannot recover for the reason that it affirmatively appears that they are not the owners of the notes. The only question that was submitted to the jury was the question of whether or not the defendant had cancelled and repudiated the contract prior to the execution of the same by the plaintiffs.

The defendant argues that in any event the plaintiffs were not entitled to a verdict for the reason that they had not established their ownership of the notes and the right to sue thereon. The notes are made payable to the plaintiffs. They bear indorsements by the plaintiffs to the order of the Iowa City State Bank and are not re-indorsed to plaintiffs. When the notes were offered in evidence the defendant

objected to their introduction on the ground that "it appears from the notes themselves that the plaintiffs are not the owners thereof; that the notes have been transferred, and are the property of the Iowa City State Bank." This objection was overruled, and the notes admitted in evidence; and thereafter the plaintiffs without objection on the part of the defendant testified that they were the property of the plaintiffs. The defendant urges that the possession by the plaintiffs of these notes bearing this special indorsement does not raise any presumption of ownership; that they cannot maintain this action without showing a retransfer to themselves. We think that the ruling of the trial court was right. The plaintiffs were in possession of these notes. The notes were payable to them in the first instance. Our statute, § 6933, Comp. Laws, 1913, provides that the holder may at any time strike out any indorsement which is not necessary to his title. In this case, the indorsement to the Iowa City State Bank was not necessary to the title of the plaintiffs, therefore, they had the right to strike out the same under this provision of the statute. That being so, the fact that they did not strike out such indorsement cannot be relied upon to defeat their right to recover on the notes. Under such circumstances, the presumptions are in favor of the plaintiffs. Where there appears upon the paper the plaintiffs' own indorsement, it will be presumed that the paper has been returned to them as their own property, and they have the right to sue upon it. Dan. Neg. Inst. 6th ed. § 1198 and cases cited; Dugan v. United States, 3 Wheat. 172, 4 L. ed. 362; 8 C. J. p. 1006.

According to the terms of the contract heretofore quoted, the notes were expressly given in payment for the phonographs. The phonographs were delivered to, and accepted by, the defendant. But considering the evidence in the light of the theory of the defendant and the theory on which the case was tried and submitted, is the evidence sufficient to sustain the verdict? There is no question of rescission here. Fraud or misrepresentation or other legal ground for rescission is not pleaded or attempted to be proved, nor is it contended that the plaintiffs assented to any rescission. The defendant's case is grounded on the theory that the contract was repudiated and cancelled by him before it was performed by the plaintiffs, and that, therefore, there

50 N. D.—11.

was no consideration for the notes. It is plain that so long as the contract was executory only, the defendant could repudiate the same, subject, of course, to the right of the plaintiffs to recover such damages as they might establish they had suffered by reason of such repudiation. Hart-Parr Co. v. Finley, 31 N. D. 130, L.R.A.1915E, 851, 153 N. W. 137, Ann. Cas. 1917E, 706. But such cancellation and repudiation must have been positive and certain, Williston Contr. § 1324; and even though made, the defendant might thereafter recede from such position and permit the plaintiffs, tendering, to perform. Davis v. Bronson, 2 N. D. 300, 16 L.R.A. 655, 33 Am. St. Rep. 783, 50 N. W. 836; Hart-Parr Co. v. Finley, supra; Mechem, Sales, § 1091. We think that on the record it conclusively appears that the defendant did recede from the position taken by him with reference to repudiating the contract. The plaintiffs did not assent to that repudiation, but on the contrary, carried out their part under the contract and shipped the phonographs. The defendant, notwithstanding his letter of August 19th, thereafter received the instruments, paid the charges thereon, sent lists of names of prospective customers to the plaintiffs with the direction that advertising matter be sent to them; and it was not until some weeks after the last phonograph had been received by him that he advised the plaintiffs that he intended to stand upon his repudiation of August 19th. He now contends that he at all times had intended to stand upon that repudiation; that when he paid the freight and took the phonographs from the office of the carrier, he did so only to save charges for the plaintiffs, and without any intent to accept them under the terms of the contract. This contention is wholly inconsistent with his conduct. It is true that the jury found that there was a cancellation and repudiation, but nevertheless we think that on the record the evidence does not warrant this finding, and that the only reasonable conclusion that can be drawn from that evidence is that there was no cancellation and repudiation. The verdict is not supported by the evidence.

Judgment reversed and a new trial granted.

BRONSON, Ch. J., and JOHNSON, CHRISTIANSON, and BIRDZELL, JJ., concur.

On petition for rehearing.

NUESSLE, J. The defendant has petitioned for a rehearing. He urges that the contract out of which this litigation arises is one of agency and not one of sale; that a construction of this contract is the vital and controlling matter on this appeal and has been overlooked.

It is sufficient to say that the case was tried in the court below upon the theory that the contract was one of sale. The only issue submitted to the jury was as to whether there had been a cancellation thereof prior to the shipment of the goods. The opinion heretofore handed down disposed of the case on the theory on which it was tried. It was not necessary for this court to determine and it did not determine the character of the contract.

The petition is denied.

BRONSON, Ch. J., and BIRDZELL, JOHNSON, and CHRISTIANSON, JJ., concur.