SWENSON BROTHERS COMPANY, APPELLEE, v. COMMERCIAL STATE BANK, APPELLANT.

FILED SEPTEMBER 20, 1915.    No. 18226.

1. **Appeal:** PLEADING: NEW CAUSE OF ACTION. The same cause of action must be presented and tried upon appeal that was tried in the court below; but "to plead an issuable fact in the appellate court that was not pleaded in the lower court is not necessarily pleading a new cause of action."

2. **Bills and Notes:** "CHECK." "A 'check' is a bill of exchange drawn on a bank payable on demand." Rev. St. 1913, sec. 5502.

3. ———: ACCEPTANCE. "The holder of a bill presenting the same for acceptance may require that the acceptance be written on the bill." Rev. St. 1913, sec. 5450.

4. ———: ———. "Where an acceptance is written on a paper other than the bill itself, it does not bind the acceptor except in favor of a person to whom it is shown and who, on the faith thereof, receives the bill for value." Rev. St. 1913, sec. 5451.

5. **Banks and Banking:** POSTDATED CHECK: ACCEPTANCE: AUTHORITY OF BANK PRESIDENT. If a postdated check is, before the day of its date, delivered to the bank upon which it is drawn, and there is no money of the maker of the check on deposit in the bank at the time, the president of the bank has no authority by virtue of his office to bind the bank to pay to the payee the amount of the check on the day of its date.

6. ———: ———: ———: ———. The president of a bank will not be presumed to be authorized by virtue of his office to bind the bank to make good the default of another.

APPEAL from the district court for Cedar county: GUY T. GRAVES, JUDGE. *Reversed and dismissed.*

*J. C. Robinson,* for appellant.

*H. E. Burkett,* contra.

SEDGWICK, J.

This plaintiff held a claim for adjustment against the Shilton Trading Company, amounting to $150, and on the 28th day of June, 1910, that company executed and delivered to the plaintiff two checks upon the defendant, Commercial State Bank of Coleridge. One check for $100 was dated June 30, 1910, and the other check for $50 was dated July 2, 1910. H. F. Swenson represented the plaintiff in the transaction, and he testified upon the trial that the checks were given him with the understanding "that we could arrange with the bank that these checks should be taken care of by the bank on certain dates." Mr. Swenson and A. E. Severence, who was the manager of the Shilton Trading Company, went to the defendant bank and presented the checks to George A. Gray, the president of the bank. These three men discussed the situation together, and the result was that the checks were left with the bank, and the president of the bank executed and delivered to Mr. Swenson the following writing: "We will send draft for $100 on Friday, 30th June, 1910, and draft for $50 on Tuesday, July 2d, 1910, as per checks of Shilton Trading Company of Coleridge, Nebraska, left in Com'l State Bank, Coleridge, by Mr. Swenson June 28, 1910. George A. Gray, Pt." Afterwards the bank sent to Mr. Swenson a draft for $100, as stated in the writing. The bank failed to remit for the $50, and the plaintiff brought this action against the bank in the county court of Cedar county to recover the $50 and interest. The plaintiff appealed to the district court for that county, where he re-

covered a judgment for the $50 and interest, from which the defendant has appealed to this court.

1. In the county court the plaintiff filed a bill of particulars, alleging, among other things, the execution of the checks, and the execution and delivery of the writing by the president of the bank, but the bill of particulars did not contain the allegation that "the acceptance was written by the defendant on a slip of paper other and different from that upon which the aforesaid checks were written, and said acceptance was by the defendant shown and delivered to the plaintiff, and the plaintiff on the faith of said acceptance received the aforesaid checks for value." In the district court this allegation was added to the petition, and the defendant moved to strike this allegation from the petition, on the ground that it "constitutes and is a material variance and departure from any issue presented to or pleaded in the lower court." The court overruled this motion, and the defendant now strenuously insists that the court erred in this ruling. There is no ground for this contention. "To plead an issuable fact in the appellate court that was not pleaded in the lower court is not necessarily pleading a new cause of action." *North & Co. v. Angelo,* 75 Neb. 381. The rule is that the same cause of action must be presented and tried upon an appeal that was tried in the court below. The cause of action in this case was the checks and the writing executed by the president of the bank, and adding an issuable fact in the appellate court was not pleading a new cause of action.

2. The alleged agreement of the defendant bank was in writing, and a large amount of evidence was admitted by the court bearing upon the question whether the plaintiff knew that there were no funds of the maker of the check on deposit in the bank at the time the checks were made and the writing executed by the president of the bank. There are authorities that hold that the acceptance of a check by a bank when there are no funds of the maker in the bank is void, the president of the bank having no authority to make such acceptance. These authorities make

exception to the rule when the payee of the check parts
with property on the faith of the acceptance, and is with-
out notice that the maker of the check has no money on
deposit in the bank subject to check at the time. "Where
a postdated check is certified by the cashier of the bank
on which it is drawn, to be 'good' by indorsement thereon,
before the day of its date, the instrument, upon its very
face, communicates facts and information to persons re-
ceiving the same that the cashier, in making such certifi-
cation, was not acting within the known limits of his
power, and that he was clearly exceeding them." *Clarke
Nat. Bank v. Bank of Albion,* 52 Barb. (N. Y.) 592. This
case is cited with approval in 1 Morse, Banks and Banking
(4th ed.) sec. 413, and the author says: "When a postdated
check is certified before maturity, it carries notice to all
that the certification was beyond the officer's authority."
3 R. C. L. p. 446. This principle is decisive of this case.
This transaction was not ordinary banking business.

"A 'check' is a bill of exchange drawn on a bank payable
on demand. Except as herein otherwise provided, the pro-
visions of this chapter applicable to a bill of exchange pay-
able on demand apply to a check." Rev. St. 1913, sec.
5502.

"The holder of a bill presenting the same for acceptance
may require that the acceptance be written on the bill, and,
if such request is refused, may treat the bill as dishon-
ored." Rev. St. 1913, sec. 5450.

"Where an acceptance is written on a paper other than
the bill itself, it does not bind the acceptor except in favor
of a person to whom it is shown and who, on the faith there-
of, receives the bill for value." Rev. St. 1913, sec. 5451.

These checks were not presented for certification and re-
tained by the payee. They were delivered to the bank.
The acceptance, therefore, does not bind the acceptor in
favor of this plaintiff, who did not receive the checks for
value on the faith of the acceptance. The president of the
bank undertook to guarantee that the checks would be
made good by the maker thereof, and that the bank would

pay the amount to the payee of the check. The payee not only had notice of this, but participated in this arrangement, and was bound to know that such a transaction was beyond the power and authority of the president of the bank. The district court should have directed a verdict for the defendant.

The judgment of the district court is reversed, and the case dismissed.

REVERSED AND DISMISSED.

HAMER, J., not sitting.