RUSSELL GRADER MANUFACTURING COMPANY, a Corporation, Respondent, v. FARMERS' EXCHANGE STATE BANK OF SANGER, NORTH DAKOTA, a Corporation, Appellant.

(194 N. W. 387.)

**Banks and banking — bank held liable for check, under agreement to honor when payable.**

Where a bank received a check for $500, dated May 28th, 1918, payable on September 1st, 1918, to plaintiff's order and where, pursuant to and in reliance upon an oral agreement and a subsequent letter by the bank agreeing to pay the same on September 1st, 1918, plaintiff shipped to the maker of the check a road grader, it is *held*, that the transaction was an independent undertaking in the nature of a letter of credit by the bank upon which it was liable.

Opinion filed June 20, 1923. Rehearing denied July 6, 1923.

Banks and Banking, 7 C. J. § 237 p. 594 n. 94.

In District Court, Oliver County, *Berry, J.*

Action to recover the amount of the check.

Defendant has appealed from the judgment and an order denying a motion for a new trial.

Affirmed.

*J. A. Hyland,* for appellant.

The rule is that the drawee of a bank check cannot be held liable upon a claimed contract of acceptance to the principal, unless the language used clearly and unequivocally import an absolute promise to pay, and it must clearly be shown that the bank intends to make such promise. Epsy v. First Nat. Bank, 18 Wall. 604; Michie, Bank & Banking, § 145; Clarke Nat. Bank v. Bank of Albion (N. Y.) 52 Barb. 592; Cook v. Bank, 52 N. Y. 96; Cloften v. Bank, 25 N. Y. 293; Morse, Banking, 3d ed. §§ 152, 413.

First National Bank of Atchison v. Commercial Savings Bank, 87 Pac. 746.

"That a bank is authorized to lend its money and not its credit, and if a bank could lend its credit as well as its money, it might, if it received compensation, and was careful to put its name only to solid

paper, make a great deal more than any lawful interest or its money would amount to. If not careful, the power would be the mother of panics, and if no compensation was received, there is the additional reason, if any is needed, that such power is in derogation of the rights and interests of stockholders, and at all events could only be exercised with the consent of all. Indeed, lending credit is the exact opposite of lending money, which is the real business of a bank; for while the latter creates a liability in favor of the bank, the former gives rights to a liability of the bank to another." Morse, Banking, 152; Thelmany v. Iowa Paper Bag Co. 108 Iowa, 333, 79 N. W. 68; Swenson Bro. Co. v. Comm'l Bank, 98 Neb. 702, 154 N. W. 233.

"Where a post-dated check is certified by the cashier of the bank on which it is drawn to be good, by indorsement thereon, before the day of its date, the instrument, upon its very face, communicates facts and information to persons receiving the same that the cashier in making such certification was not acting within the known limits of his power, and that he was greatly exceeding them." Clarke Nat. Bank v. Bank of Albion, 52 Barb. (N. Y.) 592.

*Sullivan, Hanley & Sullivan,* for respondent.

The bank is liable to the holder when it accepts or certifies the check. Comp. Laws, 1913, ¶ 7073.

"It is immaterial so far as the liability of a bank certifying a check is concerned whether or not the makers have a deposit in such bank sufficient to meet the same." Security St. Bk. v. St. Bank, 31 N. D. 454, 154 N. W. 282.

If the statement which the drawee of a check makes in response to an inquiry concerning the check is a promise to pay the same, or is couched in language which imports a promise to pay, and the party inquiring takes the check in reliance upon such statement and for a valuable consideration, the drawee will be liable to him. Garrettson v. North Atchison Bank, 39 Fed. 163, 7 L.R.A. 428.

In Collidge v. Payson, 2 Wheat. (4 L. ed. 185) Chief Justice Marshall states the rule that a letter, written within a reasonable time before or after the date of a bill of exchange, describing it in terms not to be mistaken, and promising to accept it, is, if shown to the person who afterwards takes the bill on the credit of the letter, a virtual acceptance, binding the person who makes the promise. 8 L.R.A.(N.S.) 1149;

Henrietta Nat. Bank v. State Nat. Bank, 80 Tex. 648, 26 Am. St. Rep. 773; 5 R. C. L. 519, ¶ 41; 2 Pet. 170, 182; 7 L. ed. 386; Violett v. Patton, 5 Cranch, 142, 4 L. ed. 61.

"I have come to the conclusion that the defendant bank was not a guarantor and did not make itself a surety or guarantor on the check in this case, which is plaintiff's exhibit No. 4, but that the defendant bank by its letter certified that the check would be paid on September 1st, 1918, and became primarily liable for the payment of said check; and I base my decision on the law laid down in this recent case which distinguishes the case of Border Nat. Bank v. Amer. Nat. Bank from the case of Bowen v. Needles, 87 Fed. 430. The plaintiff's attorneys may therefore draw an order in conformity with this opinion." 2 Pet. 170, 182; 7 L. ed. 386; Violett v. Patton, 5 Cranch, 142, 4 L. ed. 61.

BRONSON, Ch. J. One Dunahey gave to plaintiff an order for a road grader. Plaintiff refused to accept the order or ship the grader unless payment therefor or the assurance of payment was made. Then, through a telephonic conversation, defendant bank advised plaintiff that they would take Dunahey's check for the first payment of $500 and pay plaintiff the money on September 1st, 1918. Dunahey executed a check dated May 28th, 1918, not cashable until September 1st, 1918, drawn on defendant bank, and payable to the order of plaintiff for $500. On May 28th, 1918, defendant bank wrote to plaintiff: "Mr. Chas. I. Dunahey, of this town, has given us a check for $500, payable to your order and drawn on this bank. The check is payable September 1st, 1918, and is to apply then as a first payment on a grader which Mr. Dunahey is buying from your firm. The check will be paid on that date." On May 31st, 1918, defendant bank again wrote to plaintiff: "Answering your letter of May 28th in regard to order of Mr. Chas. Dunahey, will say that a letter was written to your Fargo office some time ago regarding this matter, which we think will be satisfactory." Accordingly, plaintiff shipped the grader on June 6th, 1918. This check first came into the hands of plaintiff between November 5th and November 18th, 1918. Then it was sent through plaintiff's bank with a draft for collection. It was returned unpaid and marked "not sufficient funds." No testimony was given by defendant's officers concerning the method by which the bank handled this deal with Dunahey or

under what circumstances it issued the letter or had the telephonic conversation with plaintiff. This suit was instituted to recover $500 upon the check and defendant's agreement. Trial was had before a jury. Both parties moved for a directed verdict at the close of the testimony. The court thereupon dismissed the jury and made findings in plaintiff's favor. Defendant has appealed from the judgment entered thereupon and from an order denying a motion for a new trial.

It is the contention of defendant that the transaction constituted a guaranty of the check in excess of the bank's powers. That, in any event, the transaction, if deemed a certification or acceptance of a check, was in excess of banking powers for the reason that the check, being postdated, carried its face notice that any certification or acceptance, if made, was made without funds in the bank to meet the same and, therefore, was simply a loaning of the bank's credit, citing Swenson Bros. v. Commercial State Bank, 98 Neb. 702, L.R.A.1917F, 1066, 154 N. W. 233, and Bowen v. Needles Nat. Bank (C. C.) 87 Fed. 433.

Upon the record plaintiff required defendant's definite undertaking for payment before shipping the grader. Pursuant to the telephonic conversation, the bank specifically agreed to take Dunahey's check and to pay plaintiff the money on September 1st, 1918. Defendant's letters, considered with this telephonic conversation, confirmed this agreement. The obligation was definite. The check was delivered to defendant bank. Defendant in its letter, agreeing to pay the same advised plaintiff of its receipt. Plaintiff thereupon shipped the grader. No evidence was offered to show that defendant made this undertaking without consideration or without first obtaining required security from Dunahey. The transaction may properly be considered as an independent undertaking in the nature of a letter of credit within banking powers. Border Nat. Bank v. American Nat. Bank (C. C. A.) 282 Fed. 73; 7 C. J. 594, 595. See subdiv. 7, § 5150, Comp. Laws, 1913. The judgment is affirmed with costs to respondent.

CHRISTIANSON, NUESSLE, JOHNSON, and BIRDZELL, JJ., concur.